Anna Ritz et al. v. The City of Austin.

No. 30.

1. **Action for Personal Injuries to Husband Abates by His Death.**—A husband sued the city of Austin for damages for personal injuries caused by alleged neglect on part of the city to keep a street in proper repair. Pending the suit the plaintiff died. The widow sought to revive the suit. *Held*, that the suit abated upon the husband's death.

2. **Damages for Injuries Resulting in Death.** — The second subdivision of article 2899, Revised Statutes, provides that "An action for actual damages on ground of injuries causing the death of another person may be brought in the following cases: * * * Where the death of any person is caused by the wrongful act or negligence * * * of another." As used in this statute the word *person* evidently means a natural person, and not an artificial person such as a corporation. The word *another* refers to another person as a class of persons similar to that whose death is occasioned.

3. **Exemplary Damages.**—A recovery of exemplary damages will only be permitted when under the facts the plaintiff is entitled to actual damages. This rule applies to section 26, article 16, of the Constitution, giving exemplary damages for a homicide through the "willful act or omission or gross neglect."

4. **Person, Another.**—In said statute, second subdivision of article 2899, the word person means only a natural person, and the word *another* includes only one of the same class.

Appeal from Travis.    Tried below before Hon. W. M. Key.
Statement is given in opinion.

*John Dowell* and *Terrell & Walker*, for appellants.—1. The court erred in sustaining the general demurrer of the defendants to the plaintiffs' cause of action and in dismissing the same.    Sayles' Civ. Stats., arts. 2899, 2903, 2904, 2906, 2907.

2. The court erred in holding that the statute (Revised Statutes, article 2899) does not give the right of action for injuries causing the death of a human being when caused by a municipal corporation, unless facts be alleged showing that such corporation is a common carrier.

3. The court erred in sustaining the plea of the statute of limitation as to the right of Anna Ritz to sue, and in dismissing her cause of action. Sayles' Civ. Stats., art. 3202, subdiv. 4; Scoby v. Sweatt, 28 Texas, 729; Coats v. Elliott, 23 Texas, 612; Epperson v. Young, 19 Texas, 475; Coles v. Portis, 18 Texas, 156; Young v. Epperson, 14 Texas, 618; Smith v. McGaughey, 13 Texas, 467; Kinney v. Lee, 10 Texas, 155; Wells v. Fairbanks, 5 Texas, 583; Bremond v. Johnson, 1 Ct. App. C. C., sec. 609.

Additional brief by *John Dowell* and *O. N. Brown*, for appellants.—1. The court erred in holding that the statute (Revised Statutes, article 2899) does not give the right of action for injuries causing the death of

a human being when caused by a municipal corporation, unless facts be alleged showing that such corporation is a common carrier. The petition alleges that the city of Austin, a municipal corporation, caused the death of Alfred R. Ritz. A municipal corporation is an artificial person; this is sufficient under the statute. Sayles' Civ. Stats., arts. 2899, 2903, 2904, 2906, 2907; Bartee v. Railway, 36 Texas, 648; Chase v. Steamboat Co., 10 R. I., 79; Douglass v. Steamship Co., 4 Cal., 304; People v. Ins. Co., 15 John., 358; Beaston v. Bank, 12 Pet., 102; Tel. Co. v. Tel. Co., 56 Barb., 46; Bank v. Andrews, 8 Port., 404; Norris v. State, 25 Ohio St., 217.

2. The court erred in its conclusions of law in holding that section 26, article 16, of the State Constitution, was intended to allow exemplary damages for gross negligence against such persons only as were liable under the statute for actual damages. The question of exemplary damages as held by the court was, that as the statute gave no actual damages there could be no exemplary damages; but the above authorities show that the statute does allow a right of action for actual damages. In law there are two classes of persons—one natural, the other artificial. Whenever a statute uses the word person, it means, unless qualified, both natural and artificial. This is the interpretation given it by Mr. Lawson in his Rights, Remedies, and Practice (volume 3, section 1017), in which he uses the following language: "The action to be for the benefit of the wife, husband, parent, and child, and to be brought in the name of the executor or administrator within twelve months after the death. Similar statutes exist, with some difference of detail, in most of the States. The statutes are remedial in their nature, and should be liberally construed. They include corporations causing the death as well as natural persons." In 4 California, 304, the following language is used: "The word person, in its legal signification, is a generic term, and was intended to include artificial as well as natural persons."

In the Texas case of Bartee v. Railway, 36 Texas, 648, the following language is used: "Our statute confers a right of action against persons committing a trespass, in whatever county the trespass is committed. But it is urged that a railway company is not a person within the meaning of this provision of the law. * * * A railway company is an artificial person, and for many purposes is regarded in the law as subject to the same responsibilities and liabilities as natural persons." In Stewart v. Waterloo Turn Verein, 1 American Decisions, 114, a corporation is defined to be "a person subject to a penalty within a statute prohibiting the sale of intoxicating liquors, and is liable for such a sale by its committee at a ball given by it."

*Geo. F. Pendexter*, for appellee.—1. The court did not err in holding that the cause of action declared on in the original suit brought by A. R.

Ritz did not survive to appellants. Said suit was brought to recover damages for injuries to the person of A. R. Ritz, and the right of action abated with his death. Railway v. Richards, 68 Texas, 378.

2. The right of action for injuries resulting in death is purely statutory, and article 2899, Revised Statutes, does not in express terms or by fair implication render a municipal corporation liable therefor. Hendrick v. Walton, 69 Texas, 192.

3. The court did not err in holding that section 26, article 16, of the Constitution of Texas, was intended to allow exemplary damages for gross negligence against such persons, corporations, and companies only as were liable under the statute for actual damages. The law in force at the date of the adoption of the present Constitution did not render municipal corporations liable for actual damages for injuries resulting in death. Pasch. Dig., art. 15.

4. The right of action of Mrs. Anna Ritz was barred by the statute of limitation of one year, and the court did not err in so holding. A. R. Ritz, husband of the appellant Anna Ritz, died July 17, 1886. The amended petition, which first asserted the claim of Anna Ritz, was filed November 11, 1889. Railway v. Kutac, 72 Texas, 649; Railway v. Bradley, 45 Texas, 180; Railway v. Culberson, 72 Texas, 379; Cooper v. Moore, 31 Mo., 574; Kennedy v. Burrier, 36 Mo., 128; Proctor v. Railway, 64 Mo., 112.

FISHER, Chief Justice.— Alfred R. Ritz, deceased, in his lifetime sued the city of Austin for damages for injuries received on account of a defective and improper street in said city, by the overturning of his wagon. Suit was instituted July, 1885. The case was, in the lifetime of Alfred R. Ritz, tried, and judgment had in his favor, the date of the judgment being March 20, 1886. The case was appealed to the Supreme Court upon a cost bond. Pending the appeal, Alfred R. Ritz, on July 17, 1886, died, and left a written will bequeathing all of his property, including this judgment, to his wife Anna Ritz, one of the appellants, and making her sole executrix. The will was duly probated, and Anna Ritz qualified as sole executrix. After the death of Alfred R. Ritz, the Supreme Court, on the 4th day of December, 1888, reversed the said judgment and remanded the case for a new trial. On the 11th of November, 1889, Anna Ritz, executrix of Alfred R. Ritz, deceased, in her right as executrix, and also in her right as surviving wife, and Helen Ritz, Rudolf R. Ritz, Clara Hesse, and Mary Schmidt, as the sole and only children of said Alfred R. Ritz, deceased, made themselves parties to this suit by an amended original petition, and sought to revive this suit; the said Clara Hesse, a married woman, being joined by Paul Hesse, her husband, and Mary Schmidt, also a married woman, being joined by her husband, Victor Schmidt; the said Helen Ritz being a minor and appearing

by Anna Ritz, her mother, as next friend, and a guardian ad litem being also asked to be appointed for her; the children of Alfred R. Ritz making themselves parties, provided they had any interest and were necessary parties, but they claimed no interest adverse to their mother, Anna Ritz.

Appellants' amended original petition contained two counts. By the first count they sought to revive the suit as originally brought by Alfred R. Ritz; by the second count appellants sought to change the suit so as to recover under the statute allowing the surviving wife and children to sue for damages for injuries resulting in death.

Appellee answered:.

1. By a plea in abatement of the pendency of another suit for same cause of action.

2. By.plea in abatement that appellants' petition showed that suit was originally brought by Alfred R. Ritz, and that he had died, and being dead, the cause of action abated.

3. That there is a misjoinder of causes of action. Appellants seek to recover damages for personal injuries received by said Alfred R. Ritz, and for damages alleged to have been sustained by appellants by reason of death of Alfred R. Ritz.

4. General and special demurrers.

5. General denial, and special answer denying that Trinity Street at date of injury was a public streeet; that the use of the same by the public was without appellee's knowledge or consent; that the street was in a reasonably good condition; that Alfred R. Ritz, by his own carelessness and negligence, caused the injury.

The demurrers and exceptions of appellees coming on to.be heard, the court entered the following judgment:

1. The right of action, as originally brought by Alfred R. Ritz, does not survive, and that Mrs. Anna Ritz, the surviving widow, nor the said children, take nor can take any right by reason of the injury complained of to said Alfred R. Ritz prior to his death.

2. That the statutes (Revised Statutes, article 2899) do not give the right of action for injuries causing the death of a human being when caused by a municipal corporation, unless ·facts be alleged showing that such corporation is a common carrier. Also special exception pleading limitation, sustained as to the plaintiff Anna Ritz and overruled as to the other plaintiffs.

3.. All other and special exceptions are overruled.

4. That appellants' cause of action be dismissed.

The court found and filed the following conclusions of law:

1. The Constitution (section 26, article 16) was intended to allow exemplary damages for gross negligence, and against such persons, corporations, and companies only as were liable under the statutes for actual damages.

2. A municipal corporation is not liable to a surviving spouse or children for damages for negligently causing the death of a husband and father, unless facts be alleged showing that such corporation was acting as a common carrier, and as such caused the death. Rev. Stats., art. 2899, subdiv. 1. Such corporations do not come within the purview of subdivision 2 of said article, because the word person, as therein used, evidently means natural person, and the word another means a similar or like person.

4. Defendant's special exception pleading the statute of limitations is well taken as to plaintiff Anna Ritz, but not as to the other plaintiffs, who are shown to be married women and minors.

5. That the right of A. R. Ritz to recover damages for personal injuries occasioned by the negligence of defendant abated with his death, and plaintiff Anna Ritz, his surviving wife, can not maintain a suit for the same or any part thereof.

We will not enter into a discussion of all the questions raised under the several assignments of error, as we dispose of the case in accordance with the first and second conclusions of law arrived at by the trial court.

It will be seen from these conclusions that the court sustained the demurrers, upon the grounds:

1. That municipal corporations are not embraced within the meaning of subdivisions 1 and 2 of article 2899, Revised Statutes, as the person or class against whom the action exists for injury resulting in death.

2. That section 26, article 16, of the Constitution of this State, does not confer a right to recover exemplary damages in cases where the plaintiff is not entitled to recover actual damages.

In other words, that a recovery of exemplary damages will only be permitted when under the facts the plaintiff is entitled to recover actual damages.

The appellants do not contend that a municipal corporation is embraced within the meaning of the first subdivision of article 2899, but contend that it is a person within the meaning of the law, and is therefore included within the second subdivision of the statutes.

The statute in question is as follows: "An action for actual damages on ground of injuries causing the death of another person may be brought in the following cases: * * * When the death of any person is caused by the wrongful act or negligence or unskillfulness or fault of another."

This latter is the language of the second subdivision. The word "person" as used in this statute is evidently meant a natural person and not an artificial person, such as a corporation. The word "another" evidently refers to another person, as a class of persons similar to that whose death is occasioned.

In construing this statute, our Supreme Court, in the case of Hendrick v. Walton, 69 Texas, 192, in effect, holds, that the statutes give the remedy only against the person or individual that occasions the death, and that a principal can not be held liable under the statutes when the death of a decedent is occasioned by his agent.

This construction is based upon the broad ground that the remedy is granted solely against those expressly held liable by the terms of the statute, and that it will not be held to include others not specially mentioned; that the remedy exists alone against the person that occasioned the death by his wrongful act.

It is true that the question before us was not directly involved in the case cited, but it is important in its bearing upon the construction to be placed upon the statute; it is further important as illustrative of the legislative intention to not include corporations within the meaning of the term "persons" as mentioned in the statute. For the corporation itself does no act that renders it liable, but its liability for actionable negligence rests upon the acts of commission or omission of its agents and public servants that are entrusted with its business affairs.

It is insisted that, by force of article 3140, Revised Statutes, the word "persons" includes a corporation. The statute so says; but the article in question that undertakes to give the legal meaning to certain words says that such shall be the meaning unless a different meaning is apparent from the context.

If we give to the word a literal meaning, as defined by the law, and say that it means a corporation, this would lead to the result of holding that the physical death of a corporation was possible, and that those who occasioned it should suffer the penalty of the statute. This would lead to a palpable reductio ad absurdum.

The argument upon this question could be continued indefinitely, but we are content to say that the words "person" and "another," as used in the statute, are employed in their popular sense, and mean an individual and not an artificial person.

The second conclusion of law found by the court involves the application of section 26, article 16, of the Constitution, to the facts of this case.

The provision of the Constitution in question confers the remedy for exemplary damages against any person, corporation, or company that may commit a homicide through willful act or omission or gross neglect, without regard to criminal proceedings that may be had in relation to the homicide.

Appellants contend that this provision of the Constitution gives an action for exemplary damages independent of those provisions of the statute that provide for recovery of actual damages, and that such exemplary damages are recoverable, although no recovery is had for actual damages.

Our courts have repeatedly held that no recovery can be had for exem-

plary damages unless the facts are such that warrant a recovery for actual damages.

We think these decisions control the question before us. The purpose of this constitutional provision was simply to create a remedy that did not exist at common law. The fact that exemplary damages are recoverable by force of this constitutional provision does not place the right upon a more certain basis or higher plain than exist in those cases in which such character of damages is recoverable at common law. In that class of cases in which it is permitted by common law to recover exemplary damages the remedy is as effective and certain as when the right is granted by the written law. Reasons upon which these decisions referred to are based will apply as well in case where the right to exemplary damages is dependent upon the written law as it does when the right flows from the common law; and in all such cases the decisions apply.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 9, 1892.

Justice KEY did not sit in this case.

Writ of error was refused by the Supreme Court.