FANNIE R. FLEMING V. THE TEXAS LOAN AGENCY.

No. 176.

**1. Person—Corporation Liable in Action for Causing Death of a Person.**

Under article 2899 of the Revised Statutes, "an action for the actual damages on account of injuries causing the death of any person may be brought in the following cases: "* * * 2. Where the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another." This act confers a right of action against a private corporation, other than a common carrier, for the death of any person caused by the negligence or default of such private corporation. The word *person* in said act includes private corporations within its meaning.................................. 240

**2. Refusal of Writ of Error.**

A rejection of an application for writ of error, while an approval of the result reached by the Court of Civil Appeals, is not necessarily an approval of the reasoning leading to such a result. Applied to Ritz v. The City of Austin, 1 Texas Civil Appeals, 455 ......................... ............... 241

CERTIFIED QUESTION from Court of Civil Appeals for Fifth District, in an appeal from the District Court of Bowie County.

*Todd & Rodgers*, for appellant.—Article 2899, subdivision 2, of the Revised Statutes of Texas, confers a right of action against a private

corporation for the death of any person caused by the wrongful act, negligence, unskillfulness, or default of such private corporation. Sayles' Civ. Stats., art. 2899, subdiv. 2; Id., art. 3140, subdiv. 2; Id., art. 3138, subdiv. 6; Tiffany Death by Wrongful Act, sec. 118; 3 Laws. Rights and Rem., sec 1017; Lord Campbell's Act, 9 and 10 Vict. C., 93; Whitaker's Smith. on Neg., 430, 431; Tiffany Appendix, 281; Donaldson v. Railway, 18 Iowa, 280; Railway v. Paulk, 24 Ga., 356; Chase v. Steamboat Co., 10 R. I., 79; Munro v. Railway, 84 Cal., 515; Douglas v. Railway, 63 Texas, 567; Railway v. Williams, 75 Texas, 4; Wall v. Railway, 4 Texas Law Review, 36; Railway v. Cowser, 57 Texas, 306.

*R. S. Neblett*, for appellee.—A private corporation organized under the laws of Texas, not a common carrier, is not a person within the meaning of article 2899, subdivision 2, of the Revised Statutes of Texas, and is not liable for an injury which results in death. Rev. Stats., art 2899, subdiv. 2; Hendrick v. Walton, 69 Texas, 192; Ritz v. City of Austin, 1 Texas Civ. App., 455; Turner v. Eddy & Cross, 83 Texas, 218.

GAINES, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth District certifies for our determination the following question: "Does article 2899, subdivision 2, of the Revised Statutes of Texas, confer a right of action against a private corporation, other than a common carrier, for the death of any person caused by the wrongful act, negligence, unskillfulness, or default of such private corporation? In other words, does the word 'person,' as contained in said subdivision 2, include private corporations within its meaning?"

The provision in question, with a part of its context, reads as follows:

"Art. 2899. An action for the actual damages on account of injuries causing the death of any person may be brought in the following cases:

"1. * * * 2. When the death of any person is caused by the wrongful act, negligence, unskillfulness, or default of another."

Since death can not be predicated of an artificial person, it is obvious that by the word "person," as expressly used in subdivision 2, is meant a natural person; and the contention on the part of those who hold the negative of the question would seem to be, that by the word "another," as used in the same sentence, is meant another such person. The argument, in our opinion, is more plausible than sound. The sentence is rendered complete, with all its terms fully expressed, by the addition of the word "person" only. If that was expressed which is left to be implied, subdivision 2 would read as follows: " When the death of any person is caused by the wrongful act, negligence, unskill-

fulness, or default of another person." Because the word "person" as first used is applicable to its context in a restricted sense only, it by no means follows that as subsequently used the Legislature did not intend it to have a more comprehensive meaning. It does not follow, that because you mean a human being when you speak of the death of a person, you may not mean to include corporations when you speak of such death as having been caused by the act or omission of a person. In view of article 3140 of the Revised Statutes, this is especially true when applied to the statute in question. That article declares, in effect, among other things, that the word "person," wherever it appears in the Revised Statutes, shall be construed to include corporations, "unless a different meaning is apparent from the context." The fortuitous circumstance, that the word as expressed in the provision in question applies only to natural persons, does not make it apparent to us that the Legislature intended that the same meaning should be given to it when impliedly repeated in a connection in which it is capable of a broader application, and thus to except it from the rule of construction so explicitly laid down. It is generally held in this State, as well as elsewhere, that the word "person" in a statute includes a corporation. Fagan v. B. M. I. Co., 65 Texas, 324; Martin v. The State, 24 Texas, 68; Bartee v. Railway, 36 Texas, 649.

The statute of Rhode Island reads: "In all cases in which the death of any person ensues from an injury inflicted by the wrongful act of another," etc. In construing the law the Supreme Court of that state held, that corporations were liable under it in the same manner as natural persons. Chase v. Steamboat Co., 10 R. I., 79. The court in their opinion say: "Neither does it appear that section 21 was intended to apply to injuries caused by natural persons only. The term 'other person' includes corporations as well as individuals. The person liable to the action is not necessarily a natural person. * * * The injury may be inflicted by a corporation as well as by any other person; that is, the injury may ensue from the wrongful act of a corporation as well as from the wrongful act of an individual." The language so construed is substantially the same as that of our statute in the particular in question, but, unlike ours, it was not subject to a statutory rule of construction; and yet the court reach the result, that under the word "another," meaning another person, a corporation is included. This case is directly in point upon the question certified.

The statute of California is similar to ours in the particular under consideration, and there seems to be no question in the courts of that State that corporations are liable. Munro v. Pacific, etc., Co., 84 Cal., 515. In Railroad v. Paulk, 24 Georgia, 336, in discussing the statute of Georgia, the Supreme Court of that State say: "The terms are, 'perpetrators of the injury,' and 'persons committing the act.' Now, the well settled rule of construction is, that corporations are

embraced in the words of the statute under the designation of 'persons,' unless expressly excepted as excluded by necessary implication on the ground of the total inapplicability, as to the subject matter, to them."

For these reasons, we conclude that a private corporation is liable under the statute for injuries resulting in death from what may be deemed its own wrongful acts or omissions, as distinguished from the acts or omissions of its servants or agents.

The reasoning in the case of Ritz v. The City of Austin, 1 Texas Civil Appeals, 455, in which an application for a writ of error was refused by this court, is not in accordance with the view expressed in this opinion. That was a case of a municipal corporation, and is distinguishable from this case.

In rejecting an application for a writ of error, we approve the result of the case as determined by the Court of Civil Appeals, but do not necessarily adopt the opinion.

Delivered June 25, 1894.

Motion for rehearing overruled October 8, 1894.