**SLATE et al. v. CITY OF FT. WORTH.
(No. 686.)**

(Court of Civil Appeals of Texas. El Paso.
March 22, 1917.)

1. DEATH ⬤�room33—RIGHT OF ACTION.
    Rev. St. 1911, art. 4694, subd. 2, giving a right of action where death is caused by negligence of "another," etc., did not make a municipality liable for negligently causing death until Acts 33d Leg. c. 143, amended the section to read "another person or corporation."
    [Ed. Note.—For other cases, see Death, Cent Dig. § 49.]

2. DEATH ⬤➔13—RIGHT OF ACTION—NATURE.
    Under Rev. St. 1911, art. 4694, subd. 2, as amended by Acts 33d Leg. c. 143, giving a right of action for death by wrongful act, the foundation of the action is the act causing the injury, although article 5687, subd. 7, making the two-year limitation statute applicable, provides that the cause of action is deemed to have accrued upon death of injured party.
    [Ed. Note.—For other cases, see Death, Cent. Dig. § 48.]

3. STATUTES ⬤➔263 — CONSTRUCTION — PROSPECTIVE OPERATION.
    A statute will be given only a prospective operation unless the legislative intent to give it retroactive effect be clearly apparent.
    [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 344, 349.]

4. DEATH ⬤➔11—RIGHT OF ACTION—NATURE.
    The right of action for death caused by wrongful act given by Rev. St. 1911, art. 4694, as amended by Acts 33d Leg. c. 143, is purely statutory, since none existed at common law.
    [Ed. Note.—For other cases, see Death, Cent. Dig. §§ 10, 15.]

5. CONSTITUTIONAL LAW ⬤➔191 — RETROACTIVE RIGHT OF ACTION.
    Construing Rev. St. 1911, art. 4694, as amended by Acts 33d Leg. c. 143, so as to create a right of action for death by wrongful act where the injury occurred before its passage and the death thereafter, would render it retroactive and invalid under Const. art. 1, § 16.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 534.]

6. DEATH ⬤➔9—CREATION OF CAUSE OF ACTION—PROSPECTIVE OPERATION.
    Rev. St. 1911, art. 4694, as amended by Acts 33d Leg. c. 143, rendering municipalities liable for negligently causing death, does not apply to an injury occurring before its passage, although the injured party died thereafter.
    [Ed. Note.—For other cases, see Death, Cent. Dig. § 11.]

Appeal from District Court, Tarrant County; R. B. Young, Judge.

Action by Mrs. Willie Slate and others against the City of Ft. Worth. From on order sustaining a demurrer to the petition, plaintiffs appeal. Affirmed.

O. W. Gillespie and G. W. Dunaway, both of Ft. Worth, for appellants. T. A. Altman and B. L. Agerton, both of Ft. Worth, for appellee.

HIGGINS, J. This suit was brought by the surviving wife, children and parents of Harry Slate, deceased, against the city of Ft. Worth, a municipal corporation, to recover damages on account of injuries causing the death of said Harry Slate. It was alleged that Harry Slate was an employé of the city, and upon April 19, 1913, sustained certain injuries caused by the negligence of the defendant in consequence whereof he died on March 1, 1915. The only issue presented by the record is whether or not a general demurrer to the petition was properly sustained.

[1] At the time of the injury to deceased a cause of action for damages on account of injuries causing death did not lie against a municipal corporation under the second subdivision of article 4694, R. S. Elliott v. City of Brownwood, 106 Tex. 292, 166 S. W. 1129; Ritz v. City of Austin, 1 Tex. Civ. App. 455, 20 S. W. 1029; Fleming v. Texas Loan Agency, 87 Tex. 238, 27 S. W. 126, 26 L. R. A. 250; Searight v. City of Austin, 42 S. W. 857. This statute was amended by the Thirty-Third Legislature, and at the date of Slate's death an account for damages would

lie against such a corporation when the death of a person was caused by its neglect. Chapter 143, Gen. Laws 33d Leg. (Reg. Sess.) p. 288.

[2] Appellants contend that the amended statute gave them a cause of action which under subdivision 7, art. 5687, accrued to them at the time of the death of the injured party. Article 5687 is purely a statute of limitation, and not a statute creating a cause of action. Although the right of action does not accrue to the beneficiaries named in article 4694 unless death ensues, the wrong for which the action is allowed is the injury which causes the death. The foundation of the action is the act or omission which causes the injury. De Harn v. Railway Co., 86 Tex. 68, 23 S. W. 381. See, also, opinion of Court of Civil Appeals in same case De Harn v. Same, 22 S. W. 249.

[3] In the absence of constitutional restrictions, it is a sound rule of construction that a statute shall have only a prospective operation unless its terms clearly show a legislative intention that it shall have a retroactive effect. 2 Lewis' Sutherland, Stat. Const. (2d Ed.) § 643; Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. And, if possible, an act will not be so construed as to conflict with any constitutional provision. 1 Lewis' Sutherland, Stat. Const. (2d Ed.) § 83. In Mellinger v. City of Houston, supra, Chief Justice Stayton quoted with approval this language from Hope Mutual Insurance Co. v. Flynn, 38 Mo. 484, 90 Am. Dec. 438:

"A statute which takes away or impairs any vested right acquired under existing laws, or creates a new obligation, or imposes a new duty, or attaches a new disability in respect to transactions * * * already passed, is to be deemed retrospective or retroactive. * * * No new ground for the support of an existing action ought to be created by legislative enactment, nor any legal bar which goes to deprive a party of his defense."

Justice Brown, in the case of Fristoe v. Blum, 92 Tex. 76, 45 S. W. 998, said:

"By analogy retrospection, within the meaning of the Constitution, would be to give a right where none before existed, and, by relation back, to give the party the benefit of it; if, however, the right already existed, it would be in the power of the Legislature to devise and provide a remedy."

Justice Story, in the case of Society, etc., v. Wheeler, 2 Gall. 105, 139, Fed. Cas. No. 13,156, said:

"Upon principle every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective."

[4] The cause of action which now exists against a municipal corporation by virtue of amended article 4694 arises exclusively by virtue of this statute. A right of action to recover damages on account of injuries causing death did not exist under the common law.

[5, 6] If it should be held that amended article 4694 gives to plaintiffs the right to recover damages on account of the injuries inflicted previous to the amendment, such holding would clearly impose a new obligation upon defendant and attach a new liability in respect to a past transaction. To such extent the statute would be retroactive and invalid. Section 16, art. 1, Constitution of Texas. But it is insisted that the statute is remedial, and as such may be retroactive without conflicting with the constitutional provision. In this connection our views are most aptly expressed in Hamilton County v. Rosche, 50 Ohio St. 103, 33 N. E. 408, 19 L. R. A. 584, 40 Am. St. Rep. 653, where this language is used:

"This statute, it is contended, is remedial, and remedial statutes may be retroactive. It is remedial, no doubt, in that enlarged sense of that term, where it is employed to designate laws made to supply defects in, or pare away hardships of, the common law, but not remedial in the sense of providing a more appropriate remedy than the law before afforded, to enforce an existing right or obligation. The statute under consideration provided no new method of procedure; it simply imposed upon Hamilton county an obligation towards these plaintiffs in error that did not attach to the transaction when it occurred. In attempting to accomplish this result the Legislature transcended its constitutional powers."

This is in accord with Mr. Sutherland's definition of remedial statutes. He says:

They are "those enacted to afford a remedy, or to improve and facilitate remedies existing for the enforcement of rights and the redress of injuries, and also those intended for the correction of defects, mistakes, and omissions in the civil institutions and administrative policy of the state." 2 Lewis' Sutherland, Stat. Const. (2d Ed.) § 336.

In support of their contention that the statutes are remedial appellants refer to Railway Co. v. Rogers, 15 Tex. Civ. App. 680, 39 S. W. 1112; Railway Co. v. Settle, 19 Tex. Civ. App. 357, 47 S. W. 825; and City of Marshall v. McAllister, 18 Tex. Civ. App. 159, 43 S. W. 1043. These cases are not in point. They merely hold that a statute which provides for the survival of an existing cause of action is not in conflict with the constitutional provision noted. The statute there considered manifestly relates to the remedy. It does not attempt to create a new cause of action. On the other hand, if appellant's view of the effect of the amendment to article 4694 be sustained, such amendment would create a cause of action for an injury resulting in death when no such obligation or liability arose out of the negligence complained of at the time thereof. So we conclude that to construe the act as appellants contend it should be construed would give it a retroactive effect and render it obnoxious to the Constitution. The legislative intent to give the amendment a retroactive effect not being plainly apparent, we therefore hold that the amendment to article 4694 did not undertake to give, and does not give a cause

of action for damages based upon injuries resulting in death caused by a negligent act or omission transpiring before the amendment became effective. Under this view of the case the general demurrer was properly sustained. This conclusion is in harmony with the holding of the Supreme Court of Wisconsin in Keeley v. Railway Co., 139 Wis. 448, 121 N. W. 167, and Quinn v. Railway Co., 141 Wis. 497, 124 N. W. 653. The latter case is particularly in point.

Affirmed.