**TRAVELERS INDEMNITY COMPANY OF ILLINOIS and Travelers Insurance Company, Petitioners**

v.

**Regina FULLER, Respondent.**

No. 94–0648.

Supreme Court of Texas.

Feb. 16, 1995.

Jerry L. Beane, P. Michael Jung, Martha C. Coleman, and J. Wiley George, Dallas, for petitioners.

Richard J. Clarkson, John Hinson, and Alto V. Watson, III, Beaumont, for respondent.

## OPINION

Justice HIGHTOWER delivered the opinion of the Court, in which all Justices join.

In this case we must decide whether Article 16, Section 26 of the Texas Constitution creates an independent cause of action for punitive damages where no cause of action for compensatory damages otherwise exists. Because the Workers' Compensation Act bars Regina Fuller's cause of action for compensatory damages, and because we find that Article 16, Section 26 was not intended to abrogate the common law requirement of "actual damages," we reverse the judgment of the court of appeals and render judgment that Fuller take nothing.

Regina Fuller sued Travelers Indemnity Company of Illinois and Travelers Insurance Company (hereinafter collectively referred to as "Travelers"), claiming that their gross negligence proximately caused the death of her father. She alleged that her father, while employed at American Petrofina, was exposed to assorted polynuclear, aromatic hydrocarbons which caused his death from adenocarcinoma. Travelers was the compensation carrier for American Petrofina during the relevant time period. As part of its program of insurance, Travelers performed safety audits and industrial hygiene surveys at the refinery where Fuller's father was employed. Fuller contends that Travelers was negligent and grossly negligent in failing to alleviate the health and safety hazards at the refinery and in failing to warn her father of their existence.

Travelers moved for summary judgment, contending that it was immune from such suits under the Texas Workers Compensation Act. Fuller opposed the summary judgment contending that the Texas Constitution creates a cause of action for punitive damages which does not depend upon her right to compensatory relief, and therefore, the Workers' Compensation Act was unconstitutional to the extent that it limited her right to punitive damages. She further maintained that the provision limiting her right to pursue a wrongful death recovery violates the Open Courts Provision in Article 1, Section 13 of the Texas Constitution.

The trial court granted summary judgment in favor of Travelers. On rehearing, with one justice dissenting, the court of appeals reversed, holding that our constitution creates a cause of action for punitive damages which is in no way dependent upon Fuller's entitlement to compensatory relief. 874 S.W.2d 958. We reverse the judgment of court of appeals.

### I.

The former Workers' Compensation Act, which governs this dispute, provided, in relevant part:

The Association, its agent, servant or employee, shall have no liability with respect to any accident based on the allegation that such accident was caused or could

have been prevented by a program, inspection, or other activity or service undertaken by the association for the prevention of accidents in connection with operations of its subscriber; provided, however, this immunity shall not affect the liability of the association for compensation or as otherwise provided in this law.

*See* Acts 1963, 58th Leg., p. 1132, ch. 437, § 1, *repealed by* Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(7) to (9).[1] Fuller argues that the Texas Constitution, on its face, provides for a punitive damages cause of action. The disputed provision reads:

> Every person, corporation, or company, that may commit a homicide, through wilful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

Tex. Const. art. XVI, § 26 (Vernon 1993). Juxtaposing this provision with the Workers' Compensation Act, Fuller argues that the legislature is powerless to impair her punitive recovery. We disagree.

We must first note that when the legislature acts, we presume that it has acted constitutionally. *Spring Branch Ind. Sch. Dist. v. Stamos,* 695 S.W.2d 556, 558 (Tex. 1985); *Robinson v. Hill,* 507 S.W.2d 521, 524 (Tex.1974). Thus, the burden is Fuller's to demonstrate some constitutional infirmity. We further note that a constitutional provision must be interpreted in light of the historical context in which it was enacted. *Director of Dep't of Agriculture & Environment v. Printing Indus. Ass'n,* 600 S.W.2d 264, 267 (Tex.1980); *Mumme v. Marrs,* 120 Tex. 383, 40 S.W.2d 31, 35 (1931). To understand this constitutional provision which is

unique to our state constitution, "a page of history is worth a volume of logic." *New York Trust Co. v. Eisner,* 256 U.S. 345, 349, 41 S.Ct. 506, 507, 65 L.Ed. 963 (1921) (Holmes, J.). When the language of the constitution is read in light of the legal history existing at the time of its adoption, it is clear that its purpose was the resolution of ambiguities existing in the statutory and common law of punitive damages, not the extension of a right to punish which exceeds the right to compensatory relief.

In 1840, the Republic of Texas adopted the common law as its rules of decision. *See Grigsby v. Reib,* 105 Tex. 597, 153 S.W. 1124, 1125 (1913) (citing Laws 1840, p. 3, *now codified at* Tex.Civ.Prac. & Rem.Code Ann. § 5.001 (Vernon 1986)). The language of Article 16, Section 26 reveals an intent to resolve two controversies existing at common law.

At the time of this initial adoption it was well established at common law that there was no cause of action for wrongful death. *See Russell v. Ingersoll–Rand Co.,* 841 S.W.2d 343, 345 (Tex.1992); *Farmers' & Mechanics' Nat'l Bank v. Hanks,* 104 Tex. 320, 137 S.W. 1120, 1122 (1911); *Hendrix v. Walton,* 69 Tex. 192, 6 S.W. 749 (1887). *See also Pinchon's Case,* 9 Coke 86b, 87a, 77 Eng. Rep. 859 (K.B. 1609). A prominent common law decision refusing to allow recovery for wrongful death did so on the basis that a death is solely a criminal matter and not cognizable in a civil court. *See Baker v. Bolton,* 1 Camp. 493, 170 Eng.Rep. 1033 (1808). Further, a division of authority existed in the middle and late 19th century concerning whether punitive damages were recoverable when the same wrong was punishable in a criminal proceeding. *See* W. Eggleston, Eggleston on Damages § 47 (1880); J. Sutherland, 1 Sutherland on Damages Ch.

---

**1.** The current Workers' Compensation Act similarly provides:

> An insurance company, the agent, servant, or employee of the insurance company, or a safety consultant who performs a safety consultation ... has no liability for an accident based on an allegation that the accident was caused

> or could have been prevented by a program, inspection, or other activity or service undertaken by the insurance company for the prevention of accidents in connection with the operations of the employers.

*See* Tex.Labor Code Ann. § 411.003(a) (Vernon Supp.1995).

IX, p. 738 (1883).[2] Article 16, Section 26 confronted these enigmas by making punitive damages recoverable "without regard to any criminal proceeding that may or may not be had in relation to the homicide." Tex. Const. Ann. art. 16, § 26 (Vernon 1993). In addition to answering these *common law* questions, the amendment undertook to resolve a *statutory* question.

In 1846, England abolished the common law bar against wrongful death actions with the adoption of Lord Campbell's Act. Texas soon followed with its own wrongful death act, similar in many respects to its English counterpart. *See* Act approved Feb. 2, 1860, 8th Leg., R.S., ch. 35, § 1, 1860 Tex.Gen. Laws 32, 4 H. Gammel, Laws of Texas 1394 (1898); *Hendrix v. Walton*, 69 Tex. 192, 6 S.W. 749, 750 (1887). One ambiguity common to the early wrongful death acts was whether they created a new cause of action in the heirs of the deceased, or whether they simply transmitted to the heirs a right to sue which had previously resided in the deceased. *See* Tex. Const.Ann. Art. 16, § 26, interp. commentary (Vernon 1993). If the former were correct, the right to punitive damages would die with the deceased. If the latter, then the heirs could pursue punitive damages. *Id.* *See also General Chemical Corp. v. De La Lastra*, 852 S.W.2d 916, 922–23 (Tex.1993). With a statutory cause of action for compensatory damages *already in place*, the constitution was amended to allow for punitive damages in favor of the wrongful

death beneficiaries. The question soon arose whether this amendment, in addition to clarifying the survival question, also granted a punitive recovery independent of compensatory relief. As soon as it arose, the question was answered in the negative.

In *Ritz v. City of Austin*, 1 Tex.Civ.App. 455, 20 S.W. 1029 (1892, writ ref'd), the court of civil appeals was confronted with wrongful death claimants who were not entitled to compensatory damages because the wrongful death statute, as then construed, did not allow a right of action against a municipal corporation. As in this case, the plaintiffs contended that the constitutional provision granted the remedy of exemplary damages, independent of the statute which provided compensatory relief. The court disagreed, stating:

> Our courts have repeatedly held that no recovery can be had for exemplary damages unless the facts are such as warrant a recovery for actual damages.... The purpose of this constitutional provision was simply to *create* a remedy that *did not exist at common law.* The fact that exemplary damages are recoverable by force of this constitutional provision does not place the right upon a *more* certain basis or *higher* plane than exists in those cases in which such character of damages is recoverable at common law.

*Id.* at 1031 (emphasis added).[3] Thus, the reason for adoption of the constitutional pro-

**2.** One authority even claimed that, at common law, exemplary damages *were not* recoverable when the offense was criminal. *See* G. Field, Field on Damages § 89 (1878).

**3.** The *Ritz* court is not alone in holding that Article 16, Section 26 did not change the common law actual damages requirement. *See, e.g., Suber v. Ohio Medical Products, Inc.*, 811 S.W.2d 646, 651 (Tex.App.—Houston [14th Dist.] 1991, writ denied); *Go Int'l, Inc. v. Lewis*, 601 S.W.2d 495, 499 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.); *Wilson v. Brown*, 154 S.W. 322, 324 (Tex.Civ.App.—Austin 1912, writ ref'd). Although the Beaumont Court of Appeals thought otherwise, no case has been found with a holding contrary to *Ritz.*

Two of our older cases contain language to the effect that the legislature is without power to

abrogate a claimant's wrongful death punitive damages recovery by statute. *See Fort Worth Elevators Co. v. Russell*, 123 Tex. 128, 70 S.W.2d 397, 408 (1934); *Morton Salt Co. v. Wells*, 123 Tex. 151, 70 S.W.2d 409, 410 (1934). Since those cases involve employers sued as defendants, and since the legislature expressly allowed employee/employer actions under the Workers' Compensation Act, this language is dicta, a mere expression of opinion on a point or issue not necessarily involved in the cases which does not create binding precedent under stare decisis. *See Lester v. First American Bank*, 866 S.W.2d 361, 363 (Tex.App.—Waco 1993, writ denied) (citing *Boswell v. Pannell*, 107 Tex. 433, 180 S.W. 593, 597 (1915); *Grigsby v. Reib*, 105 Tex. 597, 153 S.W. 1124, 1126 (1913)).

Fuller also relies on language in *Paradissis v. Royal Indemnity Co.*, 507 S.W.2d 526, 529 (Tex.

vision was to allow for exemplary damages *under the Wrongful Death Act* because of an early interpretation that such damages were not authorized by the Act. *See Hofer v. Lavender,* 679 S.W.2d 470 (Tex.1984). It did not abrogate the common law requirement of actual damages and extend the remedy to those with no cause of action under the Act.

■ The manifest purpose of the language of this constitutional provision is to *expressly* resolve common law and statutory ambiguity.[4] Fuller's proposed interpretation would have us read the constitution to allow punitive damages without regard to whether the heirs have suffered a compensable injury. This would effectively add, *by inference,* a clause to our constitution allowing the punishment of a party from whom the plaintiff is not entitled to extract compensation. We decline to do so for several reasons. First, such a clause would be inconsistent with the long settled rule that a plaintiff must show himself entitled to compensatory relief before punitive damages are recoverable. *See, e.g., Wright v. Gifford–Hill & Co.,* 725 S.W.2d 712, 713–14 (Tex.1987); *Nabours v. Longview Sav. & Loan Ass'n,* 700 S.W.2d 901, 903–05 (Tex.1985); *Fort Worth Elevators Co. v. Russell,* 123 Tex. 128, 70 S.W.2d 397, 409 (1934); *Traweek v. Martin–Brown Co.,* 79 Tex. 460, 14 S.W. 564, 565 (1890); *Flanagan v. Womack,* 54 Tex. 45, 50 (1880). Second, it would be inconsistent with the historical setting in which the constitution was enacted, some of which has been recounted above.[5] Third, if the immunity granted by the Workers' Compensation Act must yield to this constitutional provision, are statutes of limitation and other legislatively created bars to recovery also constitutionally infirm? We presume the legislature acted constitutionally there as here. If the provision were so inconsistent with its historical context, and if its intention was to overturn the common law "actual damages" rule, we believe it would not have done so *by inference;* rather, it would have done so *expressly,* as it did with

---

1974) to the effect that employers *and insurers* are "exempt from common law liability ... except for certain exemplary damages in death cases *specifically provided for by the Act." Id.* (emphasis added). Overlooking for the moment that *no one died* in *Paradissis,* it does not change the result in this case. The former Workers' Compensation Act specifically provided for exemplary damages in wrongful death cases brought against *employers* where gross negligence is proved. *See Wright v. Gifford–Hill & Co.,* 725 S.W.2d 712 (Tex.1987). No such express provision is made for cases against insurers. Thus, this case does not involve exemplary damages "specifically provided for by the Act."

4. As previously stated, this provision is *unique* to our state constitution. *See* 2 G. Braden, The Constitution of the State of Texas: An Annotated and Comparative Analysis, Art. XVI, § 26 at 757 (1977). "Unique" is perhaps the kindest epithet one could cast at a constitutional provision the sole purpose of which is to change "judge-made" law. Said one commentator:

In acting from noblest motives to provide for exemplary damages in a wrongful death suit, because damages were not allowed by the courts and the statute was ambiguous, the Convention of 1875 unintentionally limited the power of future legislatures to expand the class of those entitled to damages. The result is an anomaly. The intentional or grossly negligent killing of a parent may be punished and deterred by awarding exemplary damages to his or her surviving children, but not vice versa.

The law of torts, recovery for wrongful death, entitlement to exemplary damages, etc., should be left to the legislature and courts to develop. The inclusion of narrow rules on these topics in the constitution too frequently results in the imposition of unintended limitations on the power of the legislature and courts to do justice.

*Id.* at 757–58.

5. The history of punitive damages also reveals that the early courts considered the remedy a part of the jury's discretion to punish an offender who had injured the plaintiff in some aggravated fashion. The early judges gave the jury discretion to inflate a *general* damage award where the plaintiff's injury, though comparatively small, was inflicted in a manner which the law sought to prevent. *See, e.g., Huckle v. Money,* 2 Wilson 205 ("The personal injury done to the plaintiff was very small ... but ... [the jury] ... saw the magistrate over the king's subjects exercising arbitrary power, violating *Magna Charta* (sic), and attempting to destroy the liberty of the kingdom...."); *Tullidge v. Wade,* 3 Wilson 18 ("[A]lthough the plaintiff's loss in this case may not amount to twenty shillings, yet the jury have done right in giving liberal damages.") These and other authorities are discussed in Field, *supra* at § 81. This approach, like the Texas rule, *assumes* some injury or invasion of a cognizable right as a *necessary prerequisite* to recovery.

the survival and criminal merger issues. Fuller has thus failed to carry her burden.

## II.

■ Fuller lastly argues that Travelers' immunity under the Workers' Compensation Act violates the Texas Open Courts Provision. *See* Tex. Const. art. I, § 13 (Vernon 1984). We disagree.

■ Generally speaking, the Open Courts Provision restricts the legislature's ability to withdraw all legal remedies from one having a cause of action well established and well defined in the common law. *See Lebohm v. City of Galveston*, 154 Tex. 192, 275 S.W.2d 951 (1955). The Open Courts Provision has no applicability whatsoever to a cause of action for wrongful death, inasmuch as such a cause of action *did not exist* at common law. *Rose v. Doctors Hospital*, 801 S.W.2d 841, 845 (Tex.1990); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355–56 (Tex. 1990). To the extent that punitive damages are a common law remedy, they are also dependent at common law upon actual damages. Thus, no constitutional infirmity is created when the legislature removes a purely statutory right to compensation under the wrongful death act.

Because the Workers' Compensation Act bars Fuller's cause of action for compensatory damages, and because Article 16, Section 26 guarantees the remedy of punitive damages only when a wrongful death beneficiary otherwise possesses a cause of action for compensatory relief, we reverse the judgment of the court of appeals and render judgment that Fuller take nothing.