

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 3, 1963

Mrs. Marie Hudson
Firemen's Pension Commissioner
1010 State Office Building
Austin, Texas

Opinion No. C-153

Re: Construction of H. B. 35,
Section 10A (f), Acts of
58th Legislature, 1963.

Dear Mrs. Hudson:

We quote from your letter requesting an opinion from this office, in part as follows:

"Several Pension Boards have requested your opinion on that section of House Bill 35 amending Section 10A (f) of the Firemen's Pension Law which reads in part as follows:

"'In the event a fireman terminates, resigns, or leaves the active full-time service of the fire department for any reason other than those for which pension benefits will accrue . . . he shall receive an amount equal to the sum total of his monthly payments made while a participating member in the Firemen's Relief and Retirement Fund.'

"Some of the Pension Board Secretaries are trying to interpret this to mean that a fireman is only entitled to his contributions paid in after House Bill 35 went into effect-August 23, 1963. It is the opinion of this office and of the Committee who drew up this particular Bill who further state that it was their intention for this to mean that a fireman was entitled to 'the sum total of his

-742-

monthly payments' from the date he started
paying into the Fund.

"It is further our opinion, however,
that should a fireman return to active
duty who had previously been employed as
a fireman and had previously paid into
the Fund but resigned before this Section
went into effect and again resigns that
he will not be entitled to receive a re-
fund of the payments made prior to his
resignation before the Section went into
effect but only to his payments made after
he rejoined the Fire Department after
August 23, 1963."

A statute will be given only a prospective
operation unless the legislative intent to give it a
retroactive effect is clearly apparent. Slate v. City of
Fort Worth, 193 S.W. 1143 (Tex.Civ.App. 1917), and not
then so as to affect vested rights. Hester & Roberts v.
Donna Irr. Dist. Hidalgo County, No. 1, 239 S.W. 992
(Tex.Civ.App. 1922, error ref.). Section 16 of Article I
of the Texas Constitution was intended to protect every
right, which may accrue under existing laws prior to the
passage of any law, which, if permitted a retroactive
effect, would take away the right. Mellinger v. Houston,
68 Tex. 37, 3 S.W. 249 (1887).

Section 10A (f) of House Bill 35, Acts of the
58th Legislature, 1963, supra, became effective on
August 23, 1963. House Bill 35 amended Section 10A of
Article 6243e, Vernon's Civil Statutes. Section 10A (f)
of House Bill 35 creates rather than takes away or
impairs rights acquired under existing law.

The intention of the Legislature as to a law is
determined primarily from the plain and ordinary import
of the language used. Harris County v. Smith, 187 S.W. 701,
(Tex.Civ.App. 1916). The language of Section 10A (f) of
House Bill 35 is plain and unambiguous and the intent of
the Legislature to give the section a retroactive effect
is clearly apparent from the language used.

Therefore, on the basis of the authorities and discussion above, it is our opinion that under the provisions of Section 10A (f) of House Bill 35, a fireman, who was a participating member in a Firemen's Relief and Retirement Fund on August 23, 1963, and who thereafter terminates, resigns or leaves the active full-time service of a fire department for any reason other than those for which pension benefits will accrue, is entitled to reimbursement of all monthly payments made by him, notwithstanding that payments have been made prior to August 23, 1963. However, there is no authority for the retroactive reimbursement of monthly payments to firemen who were not on full-time service with a fire department having a Relief and Retirement Fund on August 23, 1963, even though a fireman may have been an active full-time fireman prior to August 23, 1963.

## SUMMARY

Under the provisions of Section 10A (f) of House Bill 35, a fireman who was a participating member in a Firemen's Relief and Retirement Fund on August 23, 1963, and thereafter terminates, resigns or leaves the active full-time service of a fire department for any reason other than those for which pension benefits will accrue, is entitled to reimbursement of all monthly payments made by him, notwithstanding that payments have been made prior to August 23, 1963.

There is no authority for the retroactive reimbursement of monthly payments to firemen who were not on full-time service with a fire department having a Relief and Retirement Fund on August 23, 1963, even though a fireman may have been an active full-time fireman prior to August 23, 1963.

Mrs. Marie Hudson, page 4 (C-153 )

Yours very truly,

WAGGONER CARR
Attorney General

By   *I. Raymond Williams, Jr.*
     I. Raymond Williams, Jr.
     Assistant

IRWjr:ms:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Lonny Zwiener
Joseph Trimble
Roger Tyler
Fred Ward

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone