**In the Matter of E.B.S.**

**No. 3–87–162–CV.**

Court of Appeals of Texas,
Austin.

Aug. 31, 1988.

Doug Wise, Austin, for appellant.

Ronald Earle, Dist. Atty., Leslie S. Wolff, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

E.B.S. appeals from the order of the district court, sitting as a juvenile court, approving a referee's recommendation to adjudge him guilty of delinquent conduct and to commit him to the custody of the Texas Youth Commission. We will reverse the order and remand the cause to the district court for new hearings.

On November 20, 1986, the district court approved a referee's recommendation to adjudge E.B.S. guilty of delinquent conduct for committing the offense of theft. Tex. Pen.Code Ann. § 31.03 (Supp.1988). On the same day, the district court approved the referee's recommendation of probation and placed E.B.S. on one-year probation subject to certain conditions attached to the order; one of those conditions was that E.B.S. obey all laws.

On June 10, 1987, the district court approved another referee's recommendation to adjudge E.B.S. guilty of delinquent conduct for committing the offense of aggravated robbery. Tex.Pen.Code Ann. § 29.03 (1974). On the same day, the district court approved the referee's recommendation to commit E.B.S. to the custody of the Texas Youth Commission for violating the conditions of probation under the November 20, 1986, order. E.B.S. appeals from this second adjudication of delinquency and commitment to the Texas Youth Commission.

E.B.S. contends in his second point of error that the referee erred in proceeding to adjudicate his case without informing E.B.S. or his parents that they are entitled to have the juvenile court judge hear the case or obtaining a proper waiver of such right from E.B.S. and his attorney in violation of Tex.Fam.Code Ann. § 54.10(a) (Supp.1988). We agree.

Family Code § 54.10(a) states that a duly appointed referee may hold the necessary delinquency hearings provided, "the parties

have been informed by the referee that they are entitled to have a hearing before the juvenile court judge ...; or (2) the child and the attorney for the child have in accordance with the requirements of [§ 51.-09 of the Family Code] waived the right to have the hearing before the juvenile court judge." *Id.* The Code defines a "party" as the State, the child, or the child's parent. *Id.* at § 51.02(10) (1986). Waiver under § 51.09 is proper only when both the child and the attorney for the child have waived the right in writing or in court proceedings that are recorded. *Id.* at § 51.09(a)(4) (1986) (section 51.09 includes other requirements discussed below).

The referee's recommendations to adjudge E.B.S. delinquent and to commit E.B.S. to the Texas Youth Commission both recite that "the Respondent and his attorney waived the right to a hearing before the Juvenile Court Judge pursuant to Section 54.10 of the Texas Family Code." E.B.S. contends the record does not support these recitations, nor does it reflect that the referee informed E.B.S. or his parents that they are entitled to have the hearing before the juvenile court judge. The State argues E.B.S. and his attorney waived the right to have a hearing before the juvenile court judge in accordance with § 51.09.

■ The State first asserts a document containing a referee's pre-trial findings shows that E.B.S. validly waived his right to have a hearing before the juvenile court judge. The pertinent part of the document states, "III. *WAIVERS:* The Respondent has waived: ... Hearing by District Judge __X__." This document was generated by the State and does not contain the signature of E.B.S. or his attorney. We conclude it is inadequate to constitute a written waiver under Tex.Fam.Code Ann. § 51.09(a) (1986).

The record reflects the proceedings underlying the pretrial findings discussed above were not recorded; consequently, the pre-trial record does not reflect that E.B.S. and his attorney waived the right to have a hearing before the juvenile court

judge in writing or "in court proceedings that *are* recorded." *Id.* (emphasis added).

■ The State argues that proceedings that were recorded and included in the record show E.B.S. waived his right to a hearing before the juvenile court judge, relying on the following quote from page four of the statement of facts of the June 2, 1987, adjudication hearing.

COURT: I understand through your attorney and other hearings, that you give up the right to have this case heard and decided by a jury and that it's okay for me to hear the evidence today, and me to make the decision today. Is this true?

[E.B.S.] Yes.

The State argues "this exchange between the referee and [E.B.S.], with his attorney present, clearly refers to, and is a confirmation of, the previous waivers of *both* jury trial and a district judge to hear the case. The question 'it's okay for me to hear ...' must be read in context as the referee speaking to a juvenile and means 'its okay for me [the referee] to hear' the case rather than have a district judge hear it."

The complete exchange, including the quote referred to by the State, reads as follows.

COURT: You also understand that you have the right to have this case heard and decided by a jury. Do you know what a jury is?

[EBS]: Yes.

COURT: What's a jury?

[EBS]: (Inaudible).

COURT: Not these people, but a jury is 12 people from the community. Some of them are in town, who sit like they are sitting back at the back and they listen to all of the evidence and they decide whether you have or have not broken the law.

I understand through your attorney and other hearings, that you give up the right to have this case heard and decided by a jury and that it's okay for me to hear the evidence today, and me to make the decision today. Is this true?

[EBS]: Yes.

This complete exchange concerned E.B.S.'s waiver of trial by jury only. Although the phrases "its okay for me [the referee] to hear" this case may mean to a juvenile that the referee is going to hear the case, it cannot be taken to mean the referee *instead of* a district judge. Moreover, the quoted language does not comply with the legislative mandate that "(1) the waiver is made by the child and the attorney for the child; (2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it; (3) the waiver is voluntary; and (4) the waiver is made in writing or in court proceedings that are recorded." *Id.* at § 51.09(a)(1–4).

█ The referee's authority to hear juvenile cases is conditioned on compliance with the provisions of Tex.Fam.Code Ann. § 54.10(a) (Supp.1988). The record does not reflect the referee informed E.B.S. or his parents of their right to a hearing before the juvenile court judge, nor does it reflect a valid waiver of such right was obtained. In the absence of demonstrated compliance with one of these requirements, the referee had no authority to hear E.B.S.'s case and the referee's recommendations are invalid.

In effect, E.B.S. has been adjudicated a delinquent and committed to the Texas Youth Commission without the adjudication and disposition hearings required in Tex. Fam.Code Ann. §§ 54.03 & 54.04 (1986 & Supp.1988). E.B.S.'s second point of error is sustained.

Because of our disposition herein, we need not consider E.B.S.'s other points of error. The order of the district court is reversed and the cause remanded to the district court for new hearings.