In the Matter of D.L.M.

No. 01–97–00457–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 16, 1998.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

O'CONNOR, Justice.

The question is whether a master must comply with Texas Family Code section 54.10(a), which requires a referee to inform juveniles that they are entitled to a hearing before the juvenile court judge. The answer is yes. We reverse and remand.

D.L.M., a juvenile and the appellant here, was tried before a master of the juvenile court, who made a finding that the appellant had engaged in delinquent conduct and recommended that the appellant be committed to the Texas Youth Commission. The juvenile court judge signed a judgment to that effect.

### Facts

D.L.M. was charged with delivery of cocaine. At the beginning of the trial, the master informed D.L.M. that he had a right to a trial by jury, which D.L.M. waived. The master told D.L.M. that if he was tried to "the Court," at the end of the trial the master could find that D.L.M. did not commit the crime with which he was charged and "you will be free to go." The master also told D.L.M. that if he, the master, found D.L.M. committed the crime, there were several things "I can do with you," including placement on probation with D.L.M.'s mother or in custody with the Juvenile Probation Department. The master did not tell D.L.M. that he was merely a master and he would make findings and a recommendation to the juvenile court judge.

The master heard the evidence at trial and recommended that D.L.M. be adjudicated delinquent. The juvenile court judge adjudicated D.L.M. delinquent and signed a judgment to that effect.

### Analysis

D.L.M. contends the juvenile court judge erred by approving the master's recommendation to adjudicate him delinquent because

Brian J. Fischer, Houston, for Appellant.

John B. Holmes, Houston, for Appellee.

D.L.M. did not waive his right to a hearing before the judge as required by Texas Family Code §54.10(a). D.L.M. contends he had a right, which he never waived, to have evidence at his adjudication hearing heard by a judge, rather than by a "master." The State contends that section 54.10(a) does not apply because this case was not heard by "a referee appointed in accordance with Section 51.04(g)...." The State contends that the case was heard by a master, not a referee, and no law requires a master to inform the juvenile about the right to trial before the juvenile court judge and to obtain the juvenile's waiver, as section 54.10(a) requires of referees.

In interpreting a statute, we presume the statute is constitutional and the Legislature intended a just and reasonable result. TEX. GOV'T CODE §311.021 (1998); *Travelers Indem. Co. v. Fuller*, 892 S.W.2d 848, 850 (Tex.1995); *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968). The goal of statutory construction is to give effect to the Legislature's intent. *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex.1993). To determine the Legislature's intent, we first focus on the plain language of the statute. *Magnolia Petroleum Co. v. Walker*, 125 Tex. 430, 83 S.W.2d 929, 934 (1935). In arriving at the intent and purpose of the law, it is proper to consider the history of the subject matter involved, the end to be attained, the mischief to be remedied, and the purpose to be accomplished. *Id.*

Where the application of the exact language of the statute would lead to an injustice, an absurd result, or contradictory propositions, the court must ascertain the true meaning. *Id.*; *see also City of Sherman v. Public Util. Comm'n*, 643 S.W.2d 681, 684 (Tex.1983). If the intentions of the Legislature cannot be discovered, it is the duty of the court to give the statute a reasonable construction consistent with general princi-

ples of law. *Magnolia Petroleum*, 83 S.W.2d at 934.

Family Code section 54.10(a) authorizes a hearing by:

[A] *referee* appointed in accordance with Section 51.04(g) of this code provided:

(1) the parties have been informed by *the referee* that *they are entitled to have the hearing before the juvenile court judge* ...; or

(2) the child and the attorney for the child have ... waived the right to have the hearing before the juvenile court judge....

TEX. FAM.CODE §54.10(a) (1998) (emphasis added). In the reporter's record Molder was identified as a "master"; on the findings contained in the clerk's record, Molder's signature appeared over the line that identified him as "associate judge [1]/master."

In this state, the judicial power is vested in trial court judges as provided in the constitution and laws adopted by the Legislature. TEX. CONST. art. V, §1. "Judicial power" is the power of a court to decide and pronounce judgment and carry it into effect between parties who bring the case before it for decision. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 644 (1933). Judicial power is divided among the various named courts by means of express grants of "jurisdiction." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex.1979).

"Judicial power," as envisioned by the Texas Constitution, embraces (1) the power to hear facts, (2) the power to decide the issues of fact made by the pleadings, (3) the power to decide the questions of law involved, (4) the power to render a judgment on the facts found in accordance with the law as determined by the court, (5) and the power to execute the judgment or sentence. *Morrow*, 62 S.W.2d at 645.

In Texas, all trials are conducted before judges. TEX. CONST. art. V, §1. The Texas Constitution does not vest masters, referees,

---

1. Although the master signed the finding and recommendations as an "associate judge/master," he was not acting as an associate judge in this proceeding. Family Code §201.005, allows referrals to associate judges only for cases under Family Code Titles 1, 4, and 5. It does not authorize referrals to associate judges under Family Code Title 3, the Juvenile Justice Code, which governs this case. TEX. FAM.CODE §201.005(a) (1998).

or associate judges with the authority to act as judges. *See id.* Only when a statute permits a litigant to waive his or her constitutional right to trial before a judge, may a person who is not a judge adjudicate the merits of the case. Thus, under the Texas Constitution, a master cannot conduct a trial of a juvenile unless the juvenile waives his or her right to trial before a judge.

■ Juvenile law masters in Harris County are governed by Texas Government Code §54.681, *et seq.* Juvenile court masters and juvenile court referees are remarkably similar. Both masters and referees have the authority to:

> Conduct hearings under Title 3 of the Family Code. TEX. FAM.CODE §51.04(g) (1998); TEX. GOV'T CODE §54.688 (1998). Report their findings to a juvenile court judge who may adopt, modify, correct, or reverse their reports. TEX. FAM.CODE §54.10(b) (1998); TEX. GOV'T CODE §54.696–.697 (1998).

The only significant difference between a master and a referee applicable to this case is that a referee is required to secure a waiver of the right to trial before the juvenile court judge, and a master is not explicitly required to do so. TEX. FAM.CODE §54.10(a) (1998). We cannot think of any reason why the Legislature would not require a master to secure the same waiver, just as referees are required to do.

It is easy to understand why the Legislature did not include this requirement in the Government Code. Texas Government Code §54.700 permits a master to serve as a referee "as provided by Sections 51.04(g) and 54.10, Family Code." TEX. GOV'T CODE §54.700(a) (1998). Because the Government Code gives a master the same powers as a referee, the inclusion of a master in section 54.700(a) would be redundant unless the legislature intended a different result.

From our reading of section 54.700, the Legislature intended a master to be subject to the requirements of sections 54.10 and 51.04(g) of the Family Code when conducting a hearing under Title 3 of the Family Code. To interpret this section in any other way would be to adopt an absurd interpretation of the statute, one that would require a referee to secure a section 54.10(a) waiver from a juvenile, yet permit a master to proceed without it. *See Magnolia Petroleum*, 83 S.W.2d at 934; *see also Sanchez v. Schindler*, 651 S.W.2d 249, 252 (Tex.1983) (the laws should be interpreted to avoid inequity).

■ We hold that the Texas Constitution requires a master to secure a waiver before the master can act as a judge in a juvenile case. Thus, a master's authority to hear juvenile cases is conditioned on compliance with the Texas Family Code section 54.10(a). *See In re E.B.S.*, 756 S.W.2d 852, 855 (Tex. App.—Austin 1988, no writ) (holding a referee must comply with §54.10(a)). Because the master did not comply with section 54.10(a), the master did not have the authority to hear the merits of D.L.M.'s case. Thus, the master's recommendations were invalid. *Id.* (referee's recommendations invalid without §54.10(a) warnings).

We sustain the appellant's sole point of error.

We reverse the judgment of the trial court and remand this case for further proceedings consistent with the opinion of this court.

COHEN, J., concurring.

COHEN, Justice, concurring.

After an evidence hearing before Master Judge Molder, District Judge Shelton signed a judgment finding D.L.M., a juvenile, had engaged in delinquent conduct and committed him to the Texas Youth Commission.

I agree that the judgment must be reversed because D.L.M. never waived his right to be heard by the district judge. I do not agree with the majority, however, that masters and referees are the same or that the source of D.L.M.'s right to be heard by a district judge, instead of by a master, is Family Code section 54.10(a). Therefore, I concur in the judgment.

D.L.M. contends he had a right, which he never waived, to have evidence at his adjudication hearing heard by a judge, rather than

by a "master."[1] He relies on TEX. FAM.CODE ANN. § 54.10(a) (Vernon 1996). That section does not mention masters, however. It mentions referees only. Section 54.10(a) authorizes a hearing by

> ... a *referee* appointed in accordance with Section 51.04(g) of this code provided:
>> (1) the parties have been informed by *the referee* that *they are entitled to have a hearing before the juvenile court judge* ...; or [2]
>> (2) the child and the attorney for the child have ... waived the right to have the hearing before the juvenile court judge....

TEX. FAM.CODE ANN. § 54.10(a) (Vernon 1996) (emphasis added).

The State contends that § 54.10(a) does not apply because this case was not heard before "a referee appointed in accordance with Section 51.04(g)...." *See id.* The State contends that Molder was a master, not a referee, and no statute requires a master to warn the parties or obtain a waiver, as § 54.10(a) requires of referees. I agree.

Section 51.04(g) provides:

> The juvenile board, or ... the juvenile court, may appoint a referee to conduct hearings under this title and in accordance with Section 54.10 of this code.....

TEX. FAM.CODE ANN. § 51.04(g) (Vernon 1996). Nothing indicates Molder was ever appointed a referee under this or any statute. The record states that D.L.M.'s trial was held before "the Honorable Master Judge Robert Molder." All references to Molder are as a "master." Molder signed the judgment as "Associate judge[3]/master." Everything indicates he was a "master." Nothing indicates Molder was serving as a "referee." *See* TEX. GOV'T CODE ANN. §§ 54.700, 54.820 (Vernon Supp.1998). That distinguishes this case from *E.B.S.,* where it was undisputed that the magistrate was a referee, not a master. *E.B.S.,* 756 S.W.2d at 853.

Juvenile law masters in Harris County are designated by juvenile court judges, and they are referred cases as prescribed by local rules or written orders. TEX. GOV'T CODE ANN. §§ 54.681, 54.689 (Vernon Supp.1998).[4] Unless limited by local rules, written orders, or the order of referral, a Harris County juvenile law master "may perform all acts and take all measures necessary and proper to perform the tasks assigned in a referral." TEX. GOV'T CODE ANN. §§ 54.690, 54.810 (duplication) (Vernon Supp.1998). Such a master has no power to render judgment, however, and Molder did not do so here. A Harris County master must submit written findings to the referring judge, who may adopt, modify, correct, reverse, or reject the master's report and may order further hearings. TEX. GOV'T CODE ANN. § 54.696–.698 (Vernon Supp.1998); *accord* TEX. GOV'T CODE ANN. §§ 54.816—.818 (Vernon Supp.1998) (duplicate of §§ 54.696—.698); *see* TEX. FAM.CODE ANN. § 54.10(b) (Vernon Supp.1998) (similar provision for referees).

---

1. D.L.M. never objected to a hearing before the master, and he never expressly waived a hearing before a judge. *See generally* TEX. FAM.CODE ANN. § 51.09(a) (Vernon 1996) (requiring express written waiver by juvenile, joined by counsel).

2. This must be a drafting error. The legislature must have intended this word to be "and." Under this language, a warning alone, without a waiver, would allow a trial before a referee. *See In the Matter of E.B.S.,* 756 S.W.2d 852, 855 (Tex.App.—Austin 1988, no writ).

3. Molder was not acting as an associate judge under Family Code chapter 201, which allows referrals to associate judges for cases under Family Code Titles 1, 4, and 5 only. Chapter 201 does not authorize referrals to associate judges under Family Code Title 3, the Juvenile Justice Code, which governs this case.

4. The same thing is provided again by identical statutes. TEX. GOV'T CODE ANN. §§ 54.801, 54.809 (Vernon Supp.1998). I do not know why there are two subchapters, I and K, in Government Code chapter 54 both pertaining to juvenile court masters in Harris County. The two subchapters are almost identical, except for (1) insignificant language differences between section 54.700 and its counterpart section 54.820, and (2) a slight difference in subchapter titles. Subchapter I is entitled "Juvenile Law Masters in Harris County." Subchapter K is entitled "Juvenile Court Masters in Harris County." There is one important difference. Section 54.693(a) provides a court reporter "need not be provided during a hearing conducted by a master." Section 54.813 provides a court reporter "must be provided during a hearing conducted by a master." This case does not require us to resolve that conflict because a court reporter recorded these proceedings.

D.L.M. cites no statute that requires a Harris County master to tell a juvenile he may be heard before a judge. He cites no statute giving a juvenile the right to be heard before a judge instead of a master. Family Code chapter 54, which requires referees to warn or obtain a waiver of the right to trial before a judge, does not even mention masters.

But in Texas, judicial power is vested in judges who are elected,[5] not appointed. TEX. CONST. art. V, §§ 1, 7, 30. I believe these provisions give all persons a waiveable right to be tried before an elected judge. Without a waiver requirement for masters, we will have created an exception to that law: all except juveniles have a right to be tried before an elected judge. That would violate article V, section one of the Texas Constitution, which provides, "The judicial power of this State shall be vested in ... District Courts ....," not in masters, referees, associate judges, or anyone else. Master Molder, who heard the evidence in this case, was not a district judge. Thus, unless D.L.M.'s silence waived his right to be heard by an elected judge, this case must be reversed.

D.L.M.'s silence did not waive this right. A juvenile's Texas constitutional right to appear before an elected judge must be expressly waived in the record and must be joined by counsel, unless a contrary intent clearly appears in Title 3 of the Family Code. TEX. FAM CODE ANN. § 51.09 (Vernon Supp. 1998). No contrary intent clearly appears in Title 3.

Thus, a waiver is required, but not because a master and a referee are the same under Family Code sections 51.04(g) and 54.10 and Government Code section 54.700. It is required by TEX. CONST. art. V, §§ 1, 7, and 30, and by TEX. FAM.CODE ANN. § 51.09. I therefore concur in the judgment.

5. This includes both former and retired elected judges and also newly appointed judges who have not yet reached their first election date.