Jimmy MILES, Individually and as Next
Friend of Michael Miles and Joseph
Miles, Minor Children, Appellant,

v.

JERRY KIDD OIL COMPANY,
Appellee.

No. 12–11–00022–CV.

Court of Appeals of Texas,
Tyler.

Feb. 29, 2012.

James W. Volberding, J. Kenneth Find-
ley, Findley Law Firm, Tyler, for Appel-
lant.

Scott A. Whisler, Scott A. Whisler, P.C.,
James W. Grau, Grau Koen, P.C., Dallas,
for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

BRIAN HOYLE, Justice.

Jimmy Miles, individually and as next friend of Michael Miles and Joseph Miles, appeals the trial court's order granting summary judgment in favor of Jerry Kidd Oil Company, which provides that Miles take nothing from Jerry Kidd. He also appeals from the trial court's order denying his motion for new trial. In his sole issue on appeal, he contends that the trial court erred in granting Jerry Kidd's motion for summary judgment and denying his motion for new trial. We affirm.

### BACKGROUND

Victoria Alison Miles died as a result of a tragic incident. Victoria worked as a cashier at Kidd Jones No. 3, one of Jerry Kidd's locations in Tyler, Texas. During Victoria's shift on the day she was killed, the store was low on change so Victoria walked across Loop 323, a heavily travelled roadway, to obtain change from the bank. As she returned across Loop 323, Gerald L. Bourque, an intoxicated driver, ran over and killed her.

Jimmy Miles, Victoria's husband, believed that Jerry Kidd was partially responsible for Victoria's death by requiring Victoria to traverse such a heavily travelled roadway on foot as part of her job duties. Jimmy filed suit against Jerry Kidd on behalf of himself and the couple's two children. Jerry Kidd asserted various defenses to Jimmy's suit.

Jerry Kidd then filed a motion for summary judgment in which it argued that Jimmy's claims are barred by a combination of two statutes. One of the statutes provides that recovery of worker's compensation benefits is the exclusive remedy for a work related death.[1] The other prohibits an award of exemplary damages against a defendant when harm results from the criminal act of another.[2] Because Jerry Kidd was Victoria's employer, Jimmy acknowledged that his recovery against Jerry Kidd was limited to exemplary damages for its gross negligence. Although Bourque committed the crime of intoxication manslaughter when he struck and killed Victoria, Jimmy did not agree that this prohibited his recovery of exemplary damages. Instead, he argued that the legislative limitation when harm results from the criminal act of another does not apply to his claims. The trial court found Jerry Kidd entitled to judgment as a matter of law, granted its motion for summary judgment, and dismissed the lawsuit. Jimmy filed a motion for new trial, which the trial court denied. This appeal followed.

### CONSTRUCTION OF TEXAS CIVIL PRACTICE AND REMEDIES CODE SECTION 41.005

In his sole issue, Jimmy argues that the trial court erred in granting Jerry Kidd's motion for summary judgment and denying Jimmy's motion for new trial. He explains that by raising this issue, he seeks to raise "all available arguments for reversal of the summary judgment." Specifically, he argues that (1) the proper construction of Section 41.005, Texas Civil Practice and Remedies Code, allows for exemplary damages to redress an employer's gross negligence when a third party's criminal conduct amounts to a concurrent cause of the same injury, (2) intoxication manslaughter is not a crime covered by Section 41.005, and (3) the trial court's construction of Section 41.005 violates the Texas

---

1. See TEX. LABOR CODE ANN. § 408.001 (West 2006).

2. See TEX. CIV. PRAC. & REM.CODE ANN. § 41.005 (West 2008).

constitution in several respects. We address each argument in turn.

### Standard of Review

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). When the movant seeks summary judgment on a claim in which the nonmovant bears the burden of proof, the movant must either negate at least one essential element of the nonmovant's cause of action or prove all essential elements of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). Once the movant has established a right to summary judgment, the burden of proof shifts to the nonmovant to respond to the motion and present to the trial court any issues that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979).

We review a trial court's grant of a summary judgment de novo. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex.2010). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex.2006) (per curiam); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* Tex.R. Civ. P. 166a(c).

### Statutory Construction

Statutory construction is a question of law and is reviewed de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex.2007). In construing a statute, our primary objective is to determine and give effect to the legislature's intent in enacting it. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). In determining legislative intent, we examine the entire act, not just isolated portions of it. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex.2003). We start with the plain and common meaning of the statute's words. *McIntyre*, 109 S.W.3d at 745. Unless the statute is ambiguous, we determine the legislature's intent from the language of the statute itself. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). "Ordinarily, the truest manifestation of what legislators intended is what lawmakers enacted, the literal text they voted on." *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651 (Tex. 2006).

We must presume that every word of the statute has been used for a purpose and that every word excluded from the statute has also been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995). We should not insert words into the statute except to give effect to clear legislative intent. *Id.* "Statutory language should not be read as pointless if it is reasonably susceptible of another construction." *Franka v. Velasquez*, 332 S.W.3d 367, 393 (Tex.2011) (Medina, J., dissenting) (citing *City of LaPorte v. Barfield*, 898 S.W.2d 288, 292 (Tex.1995), *superseded by statute on other grounds as stated in Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54 (Tex.2011)). When a statute includes an exception, the intent is that the statute applies in all cases not excepted. *Healthcare Ctrs. of Tex., Inc. v. Rigby*, 97 S.W.3d 610, 619 (Tex.App.-Houston [14th Dist.] 2002, pet. denied), *overruled on other grounds by Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex.2005).

We presume that the legislature enacted the statute with complete knowledge of existing law and with reference to it. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex.1990). It is further presumed that the legislature enacts a statute with an intended construction in compliance with the constitutions of Texas and the United States. TEX. GOV'T CODE ANN. § 311.021(1) (West 2005). We also may consider the object sought to be obtained by the statute and the consequences of a particular construction. *Id.* § 311.023(1), (5).

### Application to the Statute

■ The applicable language of Section 41.005 is as follows:

Harm Resulting From Criminal Act

(a) In an action arising from harm resulting from an assault, theft, or other criminal act, a court may not award exemplary damages against a defendant because of the criminal act of another.

TEX. CIV. PRAC. & REM.CODE ANN. § 41.005(a) (West 2008).

Jimmy argues that this language "merely acts as a preventative precluding juries from punishing in-court defendants for the criminal acts of unrelated third parties." He argues that Section 41.005 does not prevent recovery of exemplary damages from an in-court defendant when the criminal act of a third party combines with the noncriminal actions of the in-court defendant, as concurrent causes, that together caused the harm suffered by the plaintiff. We disagree with Jimmy's construction of the statute.

■ We construe Section 41.005 to preclude punishing a defendant for harm resulting from a criminal act of a third party when that defendant's actions are a concurrent cause of the harm. In addition to being consistent with the plain wording of the statute, our construction is guided by two main principles. First, Jimmy's construction renders the statute meaningless. There is no theory of liability under which a defendant is punished for the criminal acts of unrelated third parties. Thus, if the statute is reasonably susceptible of another construction, we should give the statute that construction. *Franka*, 332 S.W.3d at 393.

Second, when reading the entire statute, our construction garners additional support. The legislature in subsection (b) recognized that subsection (a) provides an exemption.[3] TEX. CIV. PRAC. & REM.CODE ANN. § 41.005(b). One "exempts" by freeing from an obligation, a duty, or a liability to which others are subject or by excusing. AM. HERITAGE COLLEGE DICTIONARY 479 (3d ed. 1997). Our construction provides defendants with an exemption from liability while Jimmy's does not.

In subsection (b), the legislature included four exceptions to the exemption in subsection (a). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.005(b). But the legislature

---

**3.** Specifically, subsection (b) provides as follows:

(b) The *exemption provided by Subsection* (a) does not apply if:

(1) the criminal act was committed by an employee of the defendant;

(2) the defendant is criminally responsible as a party to the criminal act under the provisions of Chapter 7, Penal Code;

(3) the criminal act occurred at a location where, at the time of the criminal act, the defendant was maintaining a common nuisance under the provisions of Chapter 125, Civil Practice and Remedies Code, and had not made reasonable attempts to abate the nuisance; or

(4) the criminal act resulted from the defendant's intentional or knowing violation of a statutory duty under Subchapter D, Chapter 92, Property Code, and the criminal act occurred after the statutory deadline for compliance with that duty.

TEX. CIV. PRAC. & REM.CODE ANN. § 41.005 (emphasis added).

did not include a defendant's concurrent gross negligence as an exception to the statutory exemption from liability for exemplary damages. *See Rigby*, 97 S.W.3d at 620 (holding in similar case "that the legislature did not provide an exception to exemption from punitive damages when a defendant commits a concurrent criminal act but is not responsible as a party"). By interpreting the statute to preclude punishing a defendant for harm resulting from the criminal act of a third party when a defendant's actions are a concurrent cause of the harm, we give effect to the entire statute. *See Laidlaw Waste Sys.*, 904 S.W.2d at 659.

We are mindful that a Texas constitutional provision addresses deaths caused by the gross negligence of others. *See* TEX. CONST. art. XVI, § 26. Specifically, the Texas constitution provides that

> [e]very person, corporation, or company, that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs of his or her body, or such of them as there may be, without regard to any criminal proceeding that may or may not be had in relation to the homicide.

*Id.* Jimmy argues that this provision limits the legislature's power to restrict his right to recover exemplary damages in this instance. First, we presume that the legislature enacts a statute with an intended construction in compliance with the Texas constitution. *See* TEX. GOV'T CODE ANN. § 311.021. Second, we do not read this constitutional provision to require a different construction of the statute because it "does not mandate any broader recovery than the decedent could have obtained had [s]he survived." *Garrett v. Patterson–UTI Drilling Co., L.P.*, 299 S.W.3d 911, 916 (Tex.App.-Eastland 2009, pet. denied) (stating numerous limitations on ability to obtain exemplary damages have been upheld despite Article XVI, Section 26).

The Supreme Court of Texas considered this constitutional provision in 1995, only a few weeks before the legislature voted on Section 41.005. *See generally Travelers Indem. Co. of Ill. v. Fuller*, 892 S.W.2d 848 (Tex.1995). In *Travelers*, the court recognized that the purpose of Article XVI, Section 26 was to alleviate two common law impediments to the recovery of damages caused by the death of a family member. *Id.* at 850–52. The constitutional provision therefore does not prohibit the legislature from creating a bar to recovery of exemplary damages in a wrongful death claim. *See id.* at 852. Likewise, our construction of Section 41.005 is not constitutionally infirm. *See id.*

### Intoxication Manslaughter

Next, Jimmy argues that, even if Section 41.005 prevents punishing a defendant for harm resulting from the criminal act of a third party when a defendant's actions are a concurrent cause of the harm, the statute's reach must be limited to instances of assault, theft, and other truly similar crimes. Jimmy then asserts that intoxication manslaughter is not similar to assault and theft because it does not involve a clearly formed intent on the part of the criminal.

As we stated earlier, our primary objective in construing statutes is to give effect to the legislature's intent. *McIntyre*, 109 S.W.3d at 745. The statutory construction principle of *ejusdem generis* is sometimes applied to determine legislative intent. *See, e.g., Hilco Elec. Coop., Inc. v. Midlothian Butane Gas Co., Inc.*, 111 S.W.3d 75, 81 (Tex.2003). This principle warns against expansively interpreting broad language that immediately follows narrow and specific terms. *R.R. Comm'n of Tex. v. Tex. Citizens for a Safe Future & Clean Water*, 336 S.W.3d 619, 629 (Tex.2011).

Accordingly, under these circumstances, we restrict the meaning of the more general words to the same kind or class as the more specific words in the statute. *Reyes v. City of Laredo* 335 S.W.3d 605, 607 (Tex.2010) (per curiam); *Hilco Elec. Coop.*, 111 S.W.3d at 81. This prevents general words used with specific terms from including things not intended. *Dawkins v. Meyer*, 825 S.W.2d 444, 447 (Tex.1992). Ultimately, the doctrine of *ejusdem generis* can be used only as an aid in ascertaining the intended coverage of the provision, not to subvert that intent once it is ascertained. *Id.*

Section 41.005 applies to actions arising from harm resulting from "an assault, theft, or other criminal act." TEX. CIV. PRAC. & REM.CODE ANN. § 41.005(a). As Jimmy points out, assault and theft require proof of a culpable mental state, but intoxication manslaughter does not. *Compare* TEX. PENAL CODE ANN. § 22.01(a) *and* 31.03 *with id.* § 49.11 (West 2011). Consequently, intoxication manslaughter is a strict liability crime. *Burke v. State*, 80 S.W.3d 82, 90–91 (Tex.App.-Fort Worth 2002, no pet.) (op. on reh'g). Based upon this distinction, Jimmy would have us conclude that exemplary damages can be awarded under Section 41.005 where, as here, "the criminal act of another" is a strict liability crime. However, we are not persuaded that the legislature intended to make any such distinction. Instead, in applying the principle of *ejusdem generis*, we look at the kinds or classes of crimes listed in the statute. *See Reyes*, 335 S.W.3d at 607; *Hilco Elec. Coop.*, 111 S.W.3d at 81.

■ A person commits an assault if the person, acting with the requisite culpable mental state, causes bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). As applicable here, a person commits intoxication manslaughter by operating a motor vehicle in a public place

when intoxicated and by reason of that intoxication causes the death of another by accident or mistake. *Id.* § 49.08(a) (West 2011). Both statutes describe criminal conduct that results in physical harm to another person. Therefore, under the principle of *ejusdem generis*, we conclude that intoxication manslaughter is sufficiently similar to the crime of assault to be covered by Section 41.005.

### Constitutional Arguments

■ Finally, Jimmy argues that the trial court's construction of Section 41.005 violates the Texas constitution. We tangentially addressed one of Jimmy's constitutional claims relating to Article XVI, Section 26 when we applied the rules of statutory construction to Section 41.005. In addition to arguing that the trial court's construction violates Article XVI, Section 26 of the Texas constitution, Jimmy argues that it violates the open courts provision, the due course of law guarantee, and the equal protection guarantee found in Texas constitution. However, Jimmy did not make any of these arguments to the trial court.

In the summary judgment context, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R. CIV. P. 166a(c). Likewise, to preserve a complaint for appellate review, the complaining party must present the complaint to the trial court by timely request, objection, or motion. TEX.R.APP. P. 33.1(a)(1). These rules apply to constitutional challenges. *See Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex.2002) (holding party failed to raise constitutional argument that trial court's ruling violated open courts provision in response to summary judgment motion and thus did not preserve it for appeal); *Dreyer v. Greene*, 871 S.W.2d 697,

698 (Tex.1993) (holding party waived due process and equal protection challenges by failing to raise them in trial court). Jimmy did not raise his constitutional arguments in the trial court. Therefore, he failed to preserve these issues.

### CONCLUSION

We agree with the trial court's construction of the statute and with its ruling that based on Section 41.005, Jerry Kidd is entitled to judgment as a matter of law. Accordingly, we overrule Jimmy's sole issue. Having overruled Jimmy's sole issue, we *affirm* the judgment of the trial court.