

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-23-00227-CV

———————————————

PETER LYDEN, Appellant

V.

JACKIE ALDRIDGE, Appellee

On Appeal from County Court at Law No. 1
Parker County, Texas
Trial Court No. CIV-23-0139

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

This is an accelerated interlocutory appeal pursuant to the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–27.011, 51.014(a)(12) (authorizing interlocutory appeal of order denying motion to dismiss filed under TCPA Section 27.003). In a single issue, Appellant Peter Lyden contends that the trial court erred by denying his TCPA motion to dismiss Appellee Jackie Aldridge's defamation and intentional-infliction-of-emotion-distress (IIED) claims. Applying the TCPA's standards, we affirm, in part, the trial court's order as it concerns Aldridge's defamation claim; reverse, in part, and render judgment dismissing Aldridge's IIED claim; and remand this matter for further proceedings consistent with this opinion.

## I. BACKGROUND

In March 2022, Aldridge was dining at B&B Butchers Restaurant with his new wife and some friends. Lyden was also at the restaurant, and Aldridge observed that he was "obviously extremely drunk and, as a result, loud and obnoxious." According to Aldridge, Lyden, "yelling at the top of his voice so that the entire establishment could hear," accused him of being a pedophile. Aldridge claims that several people laughed at him and that others either avoided him or appeared disgusted after hearing Lyden's accusation. Aldridge further alleges that this incident has caused him "extreme humiliation, mental anguish[,] and . . . embarrassment" and that he has

2

suffered "emotional distress[,] including headaches, anxiety, sleeplessness, and high blood pressure" as a result.

In March 2023, Aldridge filed suit against Lyden, asserting causes of action for defamation and IIED.

Shortly thereafter, Lyden filed a motion to dismiss Aldridge's claims under the TCPA. Therein, Lyden argued that (1) Aldridge's claims fall within the TCPA's scope because his petition alleges that Lyden accused him of committing "a criminal act" and (2) the TCPA mandates dismissal of Aldridge's claims because he lacks "clear and specific evidence" to support all of their essential elements. *See id.* §§ 27.001(3), 27.003(a), 27.005(c). Lyden also sought attorney's fees, costs, and sanctions. *See id.* § 27.009(a).

Aldridge filed a response arguing that (1) Lyden had failed to meet his initial burden to show that the TCPA applies, *see id.* § 27.003(a), and (2) even if the TCPA applies to Aldridge's claims, dismissal was still inappropriate because Aldridge had established each essential element of his causes of action by clear and specific evidence, *see id.* § 27.005(c). He attached an affidavit to his response detailing his version of events and describing the negative impact that Lyden's alleged defamatory statement had had on his reputation and his health.

Lyden filed a reply[1] in which he responded to Aldridge's arguments and asked the trial court to strike certain statements in Aldridge's affidavit on various grounds, including that they were conclusory, hearsay, or lacking in foundation. Along with his reply, Lyden also offered evidence in support of his request for sanctions, including (i) the restaurant's security video from the night of the incident, which he contends "depicts cordial interactions between Aldridge and Lyden," and (ii) the affidavit of Samantha Koppang, another patron shown in the security video, who verified that the video accurately depicted the events and denied hearing Lyden yell anything or call Aldridge a pedophile.[2]

Following a hearing, the trial court signed an order denying Lyden's TCPA motion to dismiss. This interlocutory appeal followed. *See id.* § 51.014(a)(12).

## II. Discussion

In a single issue, Lyden contends that the trial court erred by denying his motion to dismiss because the TCPA applies to Aldridge's lawsuit and Aldridge failed to establish each essential element of his claims by clear and specific evidence. Lyden is partially correct.

[1]Lyden filed his initial reply on June 8, 2023, and then filed an amended reply the following day. Aldridge filed a motion to strike Lyden's amended reply on the grounds that it was untimely, but it does not appear that the trial court ever ruled on Aldridge's motion to strike.

[2]Aldridge objected and moved to strike all of the evidence Lyden offered with his reply. However, it does not appear that the trial court ever ruled on Aldridge's evidentiary objections.

4

## A. Standard of Review and Governing Law

The TCPA—commonly referred to as Texas's anti-SLAPP[3] statute—is intended to "protect[] citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding); *see* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (summarizing TCPA's purpose as "encourag[ing] and safeguard[ing] the constitutional rights of persons . . . and, at the same time, protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury").

A party who moves for dismissal under the TCPA invokes a three-step, burden-shifting process: (1) first, the movant seeking dismissal must demonstrate that a "legal action" has been brought against him and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) then the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; and (3) finally, the burden shifts back to the movant to justify dismissal by establishing an affirmative defense or other ground on which he is entitled to judgment as a matter of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b)–(d); *Miller v. Schupp*, No. 02-21-00107-CV, 2022 WL 60606, at *1 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.).

---

[3]SLAPP stands for Strategic Lawsuit Against Public Participation. *See Windsor v. Round*, 591 S.W.3d 654, 658 (Tex. App.—Waco 2019, pet. denied).

We review a trial court's ruling on a TCPA motion to dismiss—including its determination of the parties' satisfaction of their respective burdens—de novo. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021); *Miller*, 2022 WL 60606, at *1–2. Our review encompasses "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based," and we view all of these in a light most favorable to the nonmovant. Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *see Maggret v. Ramsey's Rods & Restoration*, No. 02-20-00395-CV, 2021 WL 2253244, at *2 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op.).

## B. The TCPA Applies

To carry his burden under the first step of the TCPA analysis, Lyden was required to establish that Aldridge had filed "a legal action [against him] . . . based on or . . . in response to [his] exercise of [his] right of free speech." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The TCPA defines the "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "[m]atter of public concern," in turn, is defined to include "a statement or activity regarding . . . a subject of concern to the public." *Id.* § 27.001(7)(C).

The parties dispute whether the communication giving rise to Aldridge's claims is sufficiently connected to a matter of public concern to bring Aldridge's legal action under the auspices of the TCPA. Lyden argues that the TCPA applies because

6

Aldridge alleged that Lyden accused him of committing a criminal act. And as Lyden points out, there is ample case law—including from this court—holding that the commission of a crime is a matter of public concern. *See Miller*, 2022 WL 60606, at *2 (reiterating that "[p]ublic-concern matters include statements regarding the commission of a crime" and holding that statement alleging physical abuse involved matter of public concern for TCPA purposes); *Kadow v. Grauerholz*, No. 02-20-00044-CV, 2021 WL 733302, at *3–4 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.) (holding statement that plaintiff "[wa]s being criminally investigated for fraud, elder abuse, misappropriation of funds, theft, and kidnapping" involved matters of public concern under TCPA); *see also Garcia v. Semler*, 663 S.W.3d 270, 281 (Tex. App.—Dallas 2022, no pet.) ("It is well-settled that even after the 2019 amendments [to the TCPA], 'criminal acts are matters of public concern.'" (citing *Austin v. Amundson*, No. 05-22-00066-CV, 2022 WL 16945911, at *3 (Tex. App.—Dallas Nov. 15, 2022, no pet.) (mem. op.))); *cf. Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) (recognizing that the "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions" are matters of public concern for purposes of defamation claim against media defendant).

Although it is debatable whether accusing someone of being a pedophile is tantamount to accusing him of committing a crime, we need not resolve this issue because Aldridge's petition unequivocally alleges that "Lyden accused [Aldridge] of a criminal act." *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("When it is clear

7

from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more."). Indeed, Aldridge has consistently maintained that Lyden accused him of engaging in criminal conduct, averring in his affidavit supporting his response to Lyden's TCPA motion that "Lyden accused [Aldridge] of being a criminal" and asserting in his appellate brief that Lyden had made "slanderous . . . accusations of criminal . . . conduct" against him. By taking the position that the alleged communication at the heart of his lawsuit constitutes an accusation of criminal conduct, Aldridge has, in effect, conceded that it involved a matter of public concern—and thus that his lawsuit falls under the auspices of the TCPA. *See Miller*, 2022 WL 60606, at *2; *Kadow*, 2021 WL 733302, at *3–4; *see also Garcia*, 663 S.W.3d at 281; *cf. TX Far W., Ltd. v. Tex. Invs. Mgmt., Inc.*, 127 S.W.3d 295, 307 (Tex. App.— Austin 2004, no pet.) ("It is well established that 'assertions of fact . . . in the live pleadings of a party are regarded as formal judicial admissions.'" (quoting *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001))); *Eckland Consultants, Inc. v. Ryder, Stilwell Inc.*, 176 S.W.3d 80, 87 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("The doctrine of quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken by that party.").

Because Aldridge's petition clearly alleges that Lyden accused him of criminal conduct, we conclude that Lyden has satisfied his burden to show that the TCPA applies to Aldridge's causes of action. *See Hersh*, 526 S.W.3d at 467. Therefore, unless Aldridge met his burden under step two of the TCPA's analytical framework, Lyden

8

was entitled to the dismissal of Aldridge's claims. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b), (c).

## C. Aldridge Established the Essential Elements of His Defamation Claim but Not His IIED Claim

Having concluded that Lyden satisfied his initial burden to show that the TCPA applies to Aldridge's causes of action, we must determine whether Aldridge carried his burden under the TCPA's second step to establish each essential element of his claims by clear and specific evidence. We conclude that he established the essential elements of his defamation claim but not his IIED claim.[4]

### 1. Defamation

Generally, a plaintiff asserting a defamation claim may avoid dismissal under the TCPA if he offers clear and specific evidence of (1) the publication of a false fact statement to a third party, (2) that defamed the plaintiff, (3) that was made with the

---

[4]In his TCPA motion to dismiss, Lyden additionally sought the dismissal of Aldridge's "exemplary damages claim." However, "there is no independent cause of action for exemplary damages. They are simply an element of damages recoverable under a cause of action." *Robbins v. Payne*, 55 S.W.3d 740, 747 (Tex. App.—Amarillo 2001, pet. denied); *accord Sunshine Kids Found. v. Sunshine Kids Juvenile Prod., Inc.*, Civ. Action No. H-09-2496, 2009 WL 5170215, at *17 (S.D. Tex. Dec. 18, 2009) (mem. op. & order) ("Exemplary damages are a remedy and not a cause of action." (first citing *Sulzer Carbomedics v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 461 (5th Cir. 2001); and then citing *Travelers Indem. Co. v. Fuller*, 892 S.W.2d 848, 852 (Tex. 1995))). Accordingly, Aldridge's request for exemplary damages is not a "legal action" under the TCPA, and we need not address it under the second step of the TCPA's analytical framework. *See Buzbee v. Terry & Thweatt, P.C.*, No. 01-20-00659-CV, 2022 WL 52637, at *9 (Tex. App.—Houston [1st Dist.] Jan. 6, 2022, pet. denied) (mem. op.); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(6).

requisite degree of fault, and (4) that caused damages. *Lipsky*, 460 S.W.3d at 593; *Miller*, 2022 WL 60606, at *3; *see Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (noting that a plaintiff's establishing "when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff" is generally sufficient to avoid TCPA dismissal).

The "requisite degree of fault" depends on whether the person defamed is a private individual or a public figure. *Lipsky*, 460 S.W.3d at 593. "A private individual need only prove negligence, whereas a public figure or official must prove actual malice." *Id.* (citing *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)). "In the defamation context, negligence is defined 'as the failure to investigate the truth or falsity of a statement before publication, and the failure to act as a reasonably prudent person.'" *Day v. Fed'n of State Med. Bds. of U.S., Inc.*, 579 S.W.3d 810, 822 (Tex. App.—San Antonio 2019, pet. denied) (quoting *Harwood v. Gilroy*, No. 04-16-00652-CV, 2017 WL 2791321, at *6 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op.)).

Damages must be pleaded and proven unless the statements at issue are defamatory per se. *Lipsky*, 460 S.W.3d at 593 (citing *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 146 n.7 (Tex. 2014)). Accusing someone of a crime or serious sexual misconduct constitutes defamation per se. *Id.* at 596 (giving as examples of defamation per se "[a]ccusing someone of a crime . . . or of engaging in serious sexual misconduct"); *Miller v. Watkins*, No. 02-20-00165-CV, 2021 WL

10

924843, at *18 (Tex. App.—Fort Worth Mar. 11, 2021, no pet.) (mem. op.) (quoting *Lipsky*).

Regarding the first element, Aldridge has presented clear and specific evidence that Lyden published a false fact statement about him. In his affidavit filed in response to Lyden's TCPA motion, Aldridge alleged that, while the two men were at a restaurant, Lyden "accused [him] of being a criminal" and "falsely stated that [Aldridge] was a pedophile in a loud voice." Lyden argues that Aldridge has not presented any evidence of publication because he has not shown that "there was a moment of quiet" or that "it was possible for anyone to hear" Lyden's alleged defamatory statement. However, in his petition,[5] Aldridge specifically alleged that Lyden "yell[ed the accusation] at the top of his voice so that the entire establishment could hear." *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) (providing that "the

---

[5]In his reply brief, Lyden, failing to differentiate between TCPA proceedings and summary judgment proceedings under Texas Rule of Civil Procedure 166a, argues that Aldridge should not be able to rely on his own pleadings to satisfy his burden to establish a prima facie case under the TCPA's second step. However, this argument ignores the TCPA's plain language. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a) ("In determining whether a legal action is subject to or should be dismissed under this chapter, *the court shall consider the pleadings*, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." (emphasis added)); *see also Hersh*, 526 S.W.3d at 467 (noting that the trial court is obligated to consider the plaintiff's pleadings regardless of whether they are offered into evidence); *City of Port Aransas v. Shodrok*, No. 13-18-00011-CV, 2019 WL 6205466, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019, no pet.) (mem. op.) (explaining that when determining whether a plaintiff has met its burden to establish a prima facie case under the TCPA's second step, courts "consider the pleadings and any supporting and opposing affidavits").

court shall consider the pleadings" in determining whether to dismiss a legal action under the TCPA). Aldridge's allegation that Lyden yelled the defamatory statement within earshot of others is sufficient evidence of publication to satisfy Aldridge's burden under the TCPA's second step. *See Hanson v. Johnson*, No. 02-23-00040-CV, 2023 WL 3643640, at *1, 5 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op.) (holding that plaintiffs' allegation that defendant had "pointed her finger at them and screamed—within earshot of approximately 25 people—'You sex-traffic your children!'" was sufficient to establish the publication element of their defamation claim under the second step of the TCPA's analytical framework); *Montano v. Cronan*, No. 09-20-00232-CV, 2021 WL 2963801, at *6–7 (Tex. App.—Beaumont July 15, 2021, no pet.) (mem. op.) (holding that plaintiff's allegations that defendants "shouted at him and said, 'That guy is a pedophile! He is a pervert! Watch your kids—h[e] is a pervert! [] Taking pictures of girls, you pedophile!'" while "numerous children and adults were present and within earshot" and that "at least one person he knew had overheard the comments" constituted sufficient evidence of publication for purposes of the TCPA's second step).

Regarding the second element, Aldridge alleged that Lyden accused him of committing a crime or engaging in serious sexual misconduct. Such an accusation is explicitly defamatory and thus constitutes "textual defamation." *See Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 626 (Tex. 2018) (defining "textual defamation" as "defamation that arises from the statement's text without reference to any extrinsic

12

evidence"). Because the alleged statement is defamatory on its face, we conclude that Aldridge has met his burden to present clear and specific evidence of his defamation claim's second element. *See Bookout v. Shelley*, No. 02-22-00055-CV, 2022 WL 17173526, at *17 (Tex. App.—Fort Worth Nov. 23, 2022, no pet.) (mem. op.) (concluding that plaintiff had satisfied his burden under the TCPA's second step to show that defendant's statement that "he [had] personally witnessed [the plaintiff] slap his child 'full power'" was defamatory because the statement required no extrinsic evidence to perceive its defamatory meaning).

Regarding the third element, Lyden contends that he could not have made the alleged defamatory statement with the requisite degree of fault—negligence, *see Lipsky*, 460 S.W.3d at 593—because calling someone a pedophile is not a verifiable statement of fact but rather "an opinion masquerading as a fact," *see Bentley v. Bunton*, 94 S.W.3d 561, 581 (Tex. 2002); *see also Mignogna v. Funimation Prods., LLC*, No. 02-19-00394-CV, 2022 WL 3486234, at *7 (Tex. App.—Fort Worth Aug. 18, 2022, pet. denied) (mem. op.) (holding defendant's statements that public-figure plaintiff was a "sex predator" constituted mere opinion because they could not be proven false). We disagree. It is commonly understood that calling someone a pedophile "implies [that] that person is 'one affected with pedophilia,' which is defined as a 'sexual perversion in which children are the preferred sexual object[,] specifically . . . a psychiatric disorder in which an adult has sexual fantasies about or engages in sexual acts with a prepubescent child.'" *Montano*, 2021 WL 2963801, at *8 (first citing *Pedophile*,

Merriam-Webster, https://www.merriam-webster.com/dictionary/pedophile; and then citing *Pedophilia*, Merriam-Webster, https://www.merriam-webster.com/dictionary/pedophilia). Thus, unlike the vague term "sex predator" at issue in *Mignogna*, 2022 WL 3486234, at *7, the term pedophile has a sufficiently objective and verifiable meaning to support a defamation claim: either someone is affected with the psychiatric disorder of pedophilia or they are not. *See Montano*, 2021 WL 2963801, at *6–8 (affirming denial of defendants' TCPA motion to dismiss defamation claim based on plaintiff's allegations that defendants had called him a "pervert" and a "pedophile").

In his appellate briefing and in his affidavit attached to his reply in support of his TCPA motion, Lyden downplayed his relationship with Aldridge and implied that at the time the alleged accusation was made he was not well enough acquainted with Aldridge to know his sexual preferences. But as Aldridge points out, a reasonably prudent person would not publicly accuse someone of being a pedophile without any knowledge of the claim's truth or falsity. *See Day*, 579 S.W.3d at 822 (explaining that the failure to investigate the truth or falsity of a statement before publication and the failure to act as a reasonably prudent person constitute negligence in the defamation context). Thus, viewing—as we must—the pleadings and evidence in the light most favorable to Aldridge, *see Maggret*, 2021 WL 2253244, at *2, we conclude that the record contains sufficient evidence of Lyden's negligence to satisfy Aldridge's burden under the TCPA's second step, *see Day*, 579 S.W.3d at 822.

14

Finally, because Lyden's alleged statement constitutes defamation per se, *see Lipsky*, 460 S.W.3d at 596; *Montano*, 2021 WL 2963801, at \*6, Aldridge is not required to present clear and specific evidence of damages, *see Hanson*, 2023 WL 3643640, at \*5; *see also Watkins*, 2021 WL 924843, at \*19 ("[P]rima facie proof of a viable defamation per se claim frees the party responding to a TCPA motion to dismiss from having to present clear and specific evidence of general damages."). Therefore, Aldridge has established a prima facie case for each of his defamation claim's required elements by clear and specific evidence.[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

Because Aldridge satisfied his burden under the TCPA's second step, the trial court was statutorily prohibited from dismissing Aldridge's defamation claim unless Lyden "establishe[d] an affirmative defense or other grounds on which [he was] entitled to judgment as a matter of law." *See id.* § 27.005(c), (d). However, while Lyden pleaded several affirmative defenses, he has not asserted—either in the trial court or on appeal—that any of these affirmative defenses provide grounds for

---

[6]As a subissue, Lyden argues that the trial court erred by failing to sustain his evidentiary objections to certain statements in Aldridge's affidavit. However, because all of the objected-to statements relate to damages—the reputational damage, mental anguish, and emotional distress that Aldridge claims he suffered as a result of Lyden's alleged defamatory communication—they have no bearing on our TCPA analysis. Thus, we need not address the merits of Lyden's evidentiary objections. *See* Tex. R. App. P. 47.1. In any event, because Lyden failed to obtain a ruling from the trial court on his evidentiary objections, it would appear that he has failed to preserve them. *See* Tex. R. App. P. 33.1(a); *Montano*, 2021 WL 2963801, at \*7 (holding that appellants had failed to preserve hearsay objection to certain statements contained in appellee's affidavit supporting his TCPA response because they had not obtained a ruling from the trial court).

15

granting his TCPA motion to dismiss, nor has he established that he is entitled to judgment as a matter of law based on any such affirmative defense.

Because Aldridge has presented clear and specific evidence establishing a prima facie case for each essential element of his defamation claim and Lyden has not established an affirmative defense that would entitle him to judgment as a matter of law, the trial court did not err by denying Lyden's TCPA motion to dismiss Aldridge's defamation claim.

### 2. IIED

To avoid dismissal of an IIED claim under the TCPA's second step, a party must present clear and specific evidence of the following essential elements: (1) the plaintiff is a person; (2) the defendant acted intentionally or recklessly; (3) the plaintiff suffered severe emotional distress; (4) the defendant's conduct was extreme and outrageous; (5) the defendant's conduct proximately caused the plaintiff's emotional distress; and (6) no alternative cause of action would provide a remedy for the severe emotional distress caused by the defendant's conduct. *See Hersh*, 526 S.W.3d at 468; *Martinez v. English*, 267 S.W.3d 521, 529–30 (Tex. App.—Austin 2008, pet. denied); *see also* O'Connor's Texas Causes of Action ch. 14, § 1.1 (2022).

IIED's sixth essential element reflects its status as a "gap-filler" tort that was "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La*

16

*Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (citing *Standard Fruit and Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998)). The tort's "'clear purpose'" is "'to supplement existing forms of recovery by providing a cause of action for egregious conduct' that might otherwise go unremedied." *Id.* (quoting *Johnson*, 985 S.W.2d at 68). "Properly cabined, the tort simply has no application when the 'actor intends to invade some other legally protected interest, even if emotional distress results.'" *Id.* (quoting *Johnson*, 985 S.W.2d at 67). Thus, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id.* (citing numerous cases); *see Martinez*, 267 S.W.3d at 530–31 (holding that plaintiff could not maintain IIED claim because its gravamen was the same as his malicious-prosecution claim).

Here, Aldridge did not allege in his petition or TCPA response any factual basis for his IIED claim other than that asserted for his defamation claim. Thus, the gravamen of Aldridge's complaint is his defamation claim. *See Doe v. Cruz*, No. 04-21-00582-CV, 2023 WL 5062077, at *14 (Tex. App.—San Antonio Aug. 9, 2023, no pet. h.) (citing *Hoffmann-La Roche*, 144 S.W.3d at 447). Because Aldridge's IIED claim depends on Lyden's alleged defamatory statement, Aldridge has another remedy; thus, there is no gap to fill. *See Patel v. Patel*, No. 14-18-00771-CV, 2020 WL 2120313, at *10 (Tex. App.—Houston [14th Dist.] May 5, 2020, no pet.) (mem. op.). As a result, Aldridge has not presented evidence of a prima facie case on each essential element of his IIED claim. *See Doe*, 2023 WL 5062077, at *14 (holding that plaintiff had not met

his burden under the TCPA's second step as to his IIED claim because its factual basis was the same as his other claims); *Patel*, 2020 WL 2120313, at *10 (in TCPA appeal, holding that plaintiff's IIED "claim fail[ed] because [IIED] is a gap-filler tort and there [was] no gap to fill"). Therefore, we reverse the trial court's order denying Lyden's TCPA motion to dismiss as it pertains to Aldridge's IIED claim and render judgment dismissing that claim.

## III. CONCLUSION

Having determined (1) that the TCPA applies to Aldridge's claims and (2) that Aldridge presented clear and specific evidence of each element of his defamation claim but failed to do so with respect to his IIED claim, we affirm, in part, the trial court's order denying Lyden's TCPA motion to dismiss as it pertains to Aldridge's defamation claim; reverse, in part, and render judgment dismissing Aldridge's IIED claim; and remand this matter for further proceedings consistent with this opinion and Civil Practice and Remedies Code Section 27.009(a). Tex. Civ. Prac. & Rem. Code § 27.009(a).

/s/ Brian Walker
Brian Walker
Justice

Delivered: October 12, 2023

18